**NEUSS, HESSLEIN & CO., Inc., v. UNITED STATES.**

District Court, S. D. New York.
Feb. 6, 1939.

White & Case, of New York City (A. Chauncey Newlin and Charles K. Rice, both of New York City, of counsel), for petitioner.

Lamar Hardy, U. S. Atty., of New York City (Matthew C. Cary, Asst. U. S. Attorney, of New York City, of counsel), for the United States.

MANDELBAUM, District Judge.

The defendant seeks to dismiss the petition on the ground that this court has no jurisdiction to hear and determine this suit, and that it does not allege sufficient facts to constitute a cause of action.

The action is one at law to recover the sum of $3,626.45 with interest thereon, which sum was paid by the petitioner to various processors of cotton goods and which represented in part, the amount of processing taxes paid or payable by said processors under the Agricultural Adjustment Act on the processing of cotton goods sold by them to the petitioner.

Pursuant to Section 17(a) of the Agricultural Adjustment Act, as amended, 7 U.S.C.A. § 617(a), the petitioner filed claims for refund for $28,971.71. The Commissioner of Internal Revenue allowed such claims to the amount of $25,345.-26 and denied the claim as to the balance. This suit, commenced January 24th, 1936 and within the statutory period therefor, is to recover such balance. The basis of the suit is the use by the Commissioner of Internal Revenue of what is alleged by the petitioner to be an improper conversion factor in the processing of the cotton.

The petitioner has submitted the case of Cudahy Bros. Co. v. La Budde, 7 Cir., 92 F.2d 937, certiorari denied April 4, 1938, 303 U.S. 659, 58 S.Ct. 763, 82 L.Ed 1118, as conclusive of the issues raised on this motion. In that case, the Circuit Court of Appeals of the 7th Circuit passed upon questions almost identical to the ones at bar. It was there held that an exporter may maintain a suit under Section 17(a) of the Agricultural Adjustment Act, as amended, where suit was begun before the enactment of the Revenue Act of 1936. The subdivisions of Section 601 [7 U.S.C.A. § 641, subds. (d) and (e)], denying to the courts jurisdiction over such claims and requiring submission of refund claims before January 1st, 1937 were held not to bar the suit. The court further held that subdivisions (d) and (e) of Section 601 of the Revenue Act of 1936 which withdraws jurisdiction from the courts apply to claims for refund for processing taxes collected pursuant to the taxing provisions of the Agricultural Adjustment Act, held invalid and have no application to claims for refunds filed by exporters, pursuant to Section 601, subd. (a) of the Revenue Act of 1936, 7 U.S.C.A. § 641(a). This is primarily the situation with which the court is presently confronted. Subdivisions (d) and (e) of Section 601 of the Revenue Act of 1936, the defendant argues, deprives this court of jurisdiction to entertain the action. This contention might be well founded, if this suit were one to obtain a refund of the processing taxes collected under the Agricultural Adjustment Act, as amended, declared invalid by the United States Supreme Court in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. But, this suit does not involve such claim. It is a suit pursuant to Section 17(a) of the Agricultural Adjustment Act, as amended, for the recovery of taxes paid on a commodity which has gone into exportation. Prior to the commencement of this suit (18 days), which was begun on January 24th, 1936, the United States Supreme Court held the processing tax provisions of the Agricultural Adjustment Act, unconstitutional. During the pendency of this suit, the Revenue Act of 1936 became law on June 22nd, 1936. It is urged by the petitioner that although the taxing provisions of the Agricultural Adjustment Act, were held invalid, the refund provisions [Section 17(a)] were in full force and effect on January 24th, 1936 when this suit was commenced. Regardless of whether this construction is accepted, it appears clear that Congress intended to protect the export trade by reenacting Section 17(a) of the Agricultural Adjustment Act. This was done by Section 601(a) of the Revenue Act of 1936 (7 U.S.C.A. § 641(a). Thus, any doubt was cleared up as to the authority of the Commissioner of Internal Revenue to continue to make refunds under Section 17(a) of the Agricultural Adjustment Act.

The defendant's attempt to distinguish this case from the Cudahy case, supra, is without force. The differences are ones of degree and not of principle. All in all,

I am of the opinion that this court has jurisdiction of this suit, and that the petitioner is entitled to submit proof at the trial as to what it alleges to be the proper conversion factor in the processing of cotton contra to the one employed by the Commissioner of Internal Revenue.

The motion to dismiss the petition is denied.