**WILSON & CO., Inc., v. UNITED STATES.**

**WILSON & CO., INC., OF KANSAS v. SAME.**

**T. M. SINCLAIR & CO., Limited, v. SAME.**

Nos. 44641–44643.

Court of Claims.
Dec. 4, 1939.

1. No opinion for publication.

Louis R. Simpson, of Chicago, Ill., for the plaintiffs.

Guy Patten, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp.

Assts. to Atty. Gen., on the briefs), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

These cases are pending on motions to dismiss for want of jurisdiction. The allegations of the petitions are in all essential respects the same. They allege that the plaintiffs exported certain hog products which had been processed by them, and on which they had paid the tax, which tax they sue to recover under section 17 (a) of the Agricultural Adjustment Act, 7 U.S. C.A. § 617(a). This section provides for the refunding of taxes due and paid upon the exportation of any product upon which a processing tax had been paid.

The defendant insists that this Court is without jurisdiction to grant the relief sought because: first, the petitions do not allege that the plaintiffs bore the burden of the tax and did not pass it on; and, second, because the petitions do not allege that the claims sued on were filed after the enactment of the Revenue Act of 1936; and, third, because exclusive jurisdiction is vested in the Circuit Courts of Appeal and the United States Court of Appeals for the District of Columbia to review decisions of the Commissioner of Internal Revenue and of the Board of Review in actions for the recovery of processing taxes, and that these are such actions.

The Government insists, specifically, that plaintiffs' remedy is under Title VII of the Revenue Act of 1936, 49 Stat. 1747, 7 U.S. C.A. § 644 et seq., and not under Title IV, 7 U.S.C.A. §§ 616, 641–643. If this position is correct, then this Court is without jurisdiction, because section 906 of Title VII provides for a review of the decision of the Commissioner on claims for the refunding of processing taxes only by a Board of Review, and provides for a review of the decision of the Board only by the Circuit Courts of Appeal and by the United States Court of Appeals for the District of Columbia. It is also provided that claims for refund under this Title must have been filed after the passage of the Revenue Act of 1936, and the petitions in these cases show the claims were filed before that date.

■ We do not think, however, that plaintiffs' remedy lies under Title VII: first, because section 911 under Title VII, 7 U.S.C. A. § 653 expressly provides: "The provisions [of sections 944 to 959] of this title shall not apply to any refund authorized under the provisions of sections 15, 16 and 17[1] of the Agricultural Adjustment Act [615, 616, or 617 of this title], as amended and reenacted, or with respect to any articles exported under the provisions of section 317 [1317] of the Tariff Act of 1930 [Title 19]. * * *" Title VII is the title providing for refunds to processors of the processing taxes paid by them. Section 911 under this Title expressly exempts from its provisions processors who are entitled to a refund under section 17 of the Agricultural Adjustment Act on account of the exportation of the articles processed. Language could hardly be more explicit.

■ The defendant says that the reports of the House and Senate Committees on the Revenue Act of 1936 show that relief was to be had by processors-exporters only under Title VII. It seems to us that the language of section 911 excluding processors-exporters from the terms of Title VII is too explicit to necessitate or to warrant resort to the Committee Reports. Standard Fashion Co. v. Magrane-Houston Co. 258 U.S. 346, 42 S.Ct. 360, 66 L.Ed. 653.

■■ Secondly, we think it would be inconsistent with the purpose of section 17 (a) of the Agricultural Adjustment Act and of section 601 of the Revenue Act of 1936, 7 U.S.C.A. 616, 641, to exclude processors-exporters from the benefits of those sections. The purpose of Congress in the enactment of these sections was to enable Americans to compete with the nationals of other countries in the world markets. If subject to this processing tax, they couldn't do this unless the nationals of other governments were subject to a similar tax. If they were, it permitted the American exporter to undersell them and thus dispose of our surplus farm products, which was something very much to be desired at the time of the passage of these Acts. This being the purpose of Congress, there would be no reason for differentiating between an exporter who was not liable for the processing tax and an exporter who was. The purpose was to enable exporters to sell American goods in the world markets as cheaply as possible. Congress, therefore, would have defeated its own purpose if it had required any exporter to pay the tax,

---

[1] This section allows "drawbacks" on exportations.

whether that exporter was a processor or not.

This view is given support by the fact that section 17 (b) of the Agricultural Adjustment Act permits the processing of articles for exportation without the payment of any tax thereon, if a bond is given to insure the exportation of the article processed. If exported no tax is due and the bond is cancelled. This makes it all the more clear that Congress intended to relieve the processor from the processing tax as to all articles exported. If this be true, of course the processor-exporter is entitled to the refund provided for in section 17 (a) of the Agricultural Adjustment Act and in Title IV of the Revenue Act of 1936.

But the defendant says that section 601 (b), 7 U.S.C.A. § 641 (b) expressly prohibits refunds to processors under section 17 (a), relying upon this language: "Except for refunds under section 15 [615] (a) of the Agricultural Adjustment Act [this title], as reenacted herein, no refund under this section shall be made to the processor or other person who paid or was liable for the tax with respect to the articles on which the claim is based." If this sentence means what defendant contends, then a processor is entirely without a remedy, because as we have seen, section 911 excludes him from the remedy of Title VII. It seems to us that the proper construction of this language, in order that the several sections of the Act might be harmonious, is that Congress therein was referring to processors, as distinguished from exporters, and not to processors who were both processors and exporters. The only purpose of the sentence was to make it plain that processors who are not exporters were not to have the benefit of that section, but were to be confined to the relief provided for processors as such.

This view is in harmony with the decision of the Circuit Court of Appeals for the 7th Circuit in Cudahy Bros. Co. v. La Budde et al., 92 F.2d 937. This decision was followed by the District Court for the 2nd Circuit in Neuss, Hesslein & Co, Inc., v. United States, 30 F.Supp. 595, Prentice-Hall Federal Tax Service, 1939, Par. 5.286.

If we are correct, then, in saying that plaintiffs are entitled to relief under Title IV, it is not necessary that they show they bore and did not pass on the burden of the tax, nor that the claims for refund were filed after the passage of the Revenue Act of 1936. These provisions apply only to claims under Title VII.

Since the plaintiffs' claims are grounded on Title IV, Section 906 (providing for review of the Commissioner's action on the claim for refund) has no application, since it is confined to proceedings to recover processing taxes and since these are suits to recover drawbacks on exportations.

However, we do not think this court has jurisdiction of proceedings under Title IV by reason of the provisions of section 601 (e) of Title IV of the Revenue Act of 1936, 7 U.S.C.A. § 641 (e) which provides: "The determination of the Commissioner of Internal Revenue with respect to any refund under this section shall be final and no court shall have jurisdiction to review such determination."

The defendant does not defend on this ground, but since we are clearly of opinion that this deprives us of jurisdiction, the petitions must be dismissed on this ground.

The plaintiffs say their actions are not based on section 601 of the Revenue Act of 1936, but on section 17 (a) of the Agricultural Adjustment Act, which they say was not declared invalid by the Supreme Court in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, and that under this Act they were entitled to maintain suit. But Section 17 (a) of the Agricultural Adjustment Act, whether or not declared unconstitutional by the Butler case, was reenacted by section 601 of the Revenue Act of 1936, and thus became a part of that section, and subsection (e) thereof says that as to all claims for refund under that section the action of the Commissioner shall be final and that no court shall have jurisdiction to review it. Therefore, whether or not the plaintiffs may have had the right to maintain these suits under section 17 (a) before the passage of the Revenue Act of 1936, this right was taken away from them by section 601 (e) of the Revenue Act of 1936. This, of course, Congress had the right to do. Whether or not it should have done so is not for us to decide. Section 601 of the Revenue Act of 1936 now constitutes the only remedy available to plaintiffs.

It results that plaintiffs' petitions must be dismissed. It is so ordered.