The opinion of the Supreme Court was delivered by
Mr. Justice Murphy,
as follows:
Petitioners are corporations engaged in the preparation, packing, and sale of meat products in foreign and domestic *611 commerce. Between November 5, 1933 and January 6, 1936 they exported to foreign countries large quantities of bog products with respect to which they paid processing taxes under Section 9 (a) and floor stock taxes under Section 16 (a) of the Agricultural Adjustment Act. 48 Stat. 31, 35, 40. Subsequent to exportation petitioners filed claims for refunds under Section 17 (a). 48 Stat. 31, 40. The Commissioner of Internal Revenue denied all of the claims and suit in the Court of Claims followed. The United States thereupon moved to dismiss the petitions on the ground that the Court of Claims was without jurisdiction because of certain provisions of Title VII of the Revenue Act of 1936. 49 Stat. 1648, 1747-1755. The Court of Claims dismissed the actions for want of jurisdiction, on the ground, however, that Section 601 (e) of Title IV of the Revenue Act of 1936, 49 Stat. 1648, 1740, prevented judicial review of the Commissioner’s action. 30 F. Supp. 672. To resolve the conflict with Cudahy Bros. Co. v. LaBudde, 92 F. (2d) 937, and Neuss, Hesslein & Co., Inc. v. United States, 30 F. Supp. 595, we granted certiorari. 309 U. S. 651.
The single question presented is whether the Court of Claims was without jurisdiction of petitioners’ suits. We hold that it was.
Title VII conditions payment of refunds upon proof that the claimant actually bore the burden of the tax sought to be refunded or that he unconditionally repaid it to Ms vendee who bore the burden. Since petitioners do not allege satisfaction of these conditions it is plain that they do not claim under Title VII. Indeed, they disown any attempt to bring their claims within its provisions.
Title IV provides for refunds to exporters of products upon which processing or floor stock taxes have been paid. It is true that Section 17 (a) of the Agricultural Adjustment Act provided for these refunds before the Act was held unconstitutional in United States v. Butler, 297 U S. 1. Whether petitioners could still establish refund claims under that section if the act had never been invalidated is a question we need not consider. For whatever the effect of that decision on Section 17 (a), Congress expressly made it a part of Title IV by reenacting it in Section 601 (a). 49 Stat. 1648, 1739,[1] It follows that petitioners’ claims, purportedly based on Section 17 (a), must be governed by Title, IV and the limitations it imposes.
Section 601 (e) of Title IV provides:
“The determination of the Commissioner of Internal Revenue with respect to any refund under this section shall *612 be final and no court shall have jurisdiction to review such determination.”
Petitioners contend that Congress intended to commit to the final determination of the Commissioner only “such matters as findings of fact, computations, and the like.” Quite apart from the fact that in Section 601 (d) [2] Congress uses virtually the quoted words in limiting review by administrative officers, we fail to see how the argument can aid petitioners here because the record does not show why their claims were denied. Since the record is silent on this point, such decisions as United States v. Williams, 278 U. S. 255, and Silberschein v. United States, 266 U. S. 221, are plainly distinguishable.
We hold that upon this record the determination of the commissioner is final. Thus we see no occasion to narrow the effect of Section 601 (e). The decision of the Court of Claims .was correct and must be affirmed.

 Sec. 601. (a) The provisions oí sections ... 17 (a) of the Agricultural Adjustment Act, as amended, are hereby reenacted but only for the purpose of allowing refunds in accordance therewith in cases where . . . the exportation . . . took place prior to January 6, 1936.

 Sec. 601. (d) In the absence of fraud, the findings of fact and the decision of the Commissioner of Internal Revenue upon the merits of any claim adjusted pursuant to this section and the mathematical calculation therein shall not be subject to review by any administrative or accounting officer, employee, or agent of the United States.