**EL CAMPO RICE MILLING CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 9708.**

Circuit Court of Appeals, Fifth Circuit.

June 25, 1941.

Theodore B. Benson and Charles E. Foster, Jr., both of Washington, D. C., and Alvin O. King, of Lake Charles, La., for petitioner.

F. E. Youngman and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, Raymond F. Brown and Irene F. Scott, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

El Campo Rice Milling Company, under marketing agreements made with the Secretary of Agriculture by virtue of Section 8 (2) of the original Agricultural Adjustment Act, 48 Stats. 31, 7 U.S.C.A. § 608(2), bought rough rice from producers at prices above the market and had on hand on March 31, 1935, over 8,000,000 pounds unprocessed. By the amendment of March 18, 1935, Sect. 9(b) (3), 49 Stats. 45, 7 U.S.C.A. § 609 (b) (3), a tax of one cent a pound was levied for processing, beginning April 1, 1935. Because rice on hand produced in 1933 and 1934 had been purchased at an advanced price of which the producer had the benefit, and because it was deemed unjust to impose the processing tax on such rice, Sect. 15(b) of the original Act, 7 U.S.C.A. § 615 (b), (b-2) (2), was amended by adding provisions for issuing "tax-payment warrants" on such rice "sufficient to cover the tax with respect to the processing thereof", Section 15(b-1) 7 U.S.C.A. § 615(b-1), and these "shall be accepted by the Collector of Internal Revenue * * * at the face value thereof in payment of any processing tax on rice." El Campo received such warrants for its rice on hand in an amount of $88,477. During April, May, June, July and August, 1935, it processed its rice and paid the processing tax with the warrants, to an amount of $81,456. Of the rice thus processed and taxed it exported during the fall a part, and under Sect. 17(a), as amended, of the Agricultural Adjustment Act, became entitled to a refund of processing taxes on it in a sum of over $59,897. Of this $47,838 was refunded in cash, and a claim for the balance of $12,059 was pending at the time the taxing provisions of the Agricultural Act were declared unconstitutional. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914; Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513. This claim for refund was disallowed.

The Revenue Act of 1936, 49 Stats. 1648, 26 U.S.C.A. Int.Rev.Acts, page 813 et seq.,

took cognizance of the duty of the United States to refund taxes unconstitutionally collected under the Agricultural Adjustment Act, and made limited provision for their return. By Section 906 no suit or proceeding in court could be maintained for the refund of a processing tax, except through the Board of Review which was set up. El Campo thereupon filed with the Collector of Internal Revenue claim for refund of $12,059, as a processing tax paid, and on its disallowance brought the matter before the Board of Review, which held that the use of the "tax-payment warrants" at face value to discharge the processing tax did not constitute such payment as entitled El Campo to a money refund from the Treasury. A petition to review this decision is before us, under Revenue Act 1936, Sect. 906(g), 49 Stats. 1748, 7 U.S.C.A. § 648(g).

The Board decided rightly. Section 902, 49 Stats. 1747, 7 U.S.C.A. § 644, speaks of refunding amounts "paid by or collected from any claimant as tax." If the Treasury has received money as tax which it ought not to retain a refund is provided under strict limitations. If the Treasury has received no money from the claimant, no obligation is imposed to pay back money. What El Campo paid as tax to the Collector was not money, but certain warrants or certificates whose purpose and function was to discharge the tax claim without paying it in money. El Campo paid nothing to the United States for the warrants. The United States issued them to offset the tax about to be imposed because it seemed unfair to burden the rice owner with the tax after he had paid an exaggerated price to the producer at the instance of the Secretary of Agriculture. It is true this exaggerated price operated in the case of rice to aid the producer in just the way processing taxes on other commodities were used, and as the newly imposed processing tax on rice was intended to be used in the future, and in this way tended to relieve the Treasury. But it remains true that El Campo paid all the money it ever paid to the producers, and none to the United States. It certainly paid no money as tax, because there was no tax while it was buying its rice. All it ever paid as tax was the warrants which had been given to it by the United States. If anything ought to be refunded in respect of paying the tax, it is the warrants, and El Campo does not wish them. It in fact is asking only for the $12,059 export adjustment balance. Disappointment as to this (see Wilson & Co. v. United States, 311 U.S. 104, 61 S.Ct. 120, 85 L.Ed. 71; Standard Rice Co. v. Schofield, D.C., 27 F.Supp. 854) cannot be remedied under the provisions for refunding processing taxes unlawfully collected.

The judgment of the Board of Review is affirmed.