### A. B. FRANK CO.
### v.
### COMMISSIONER OF INTERNAL REVENUE.
### No. 14564.

United States Court of Appeals
Fifth Circuit.
March 5, 1954.

---

5. Bates v. Southgate, 308 Mass. 170, 31 N.E.2d 551, 133 A.L.R. 1349.

Scott P. Crampton, Washington, D. C., Reagan Houston, III, San Antonio, Tex.,

Carl K. Goodson, Washington, D. C., of counsel, for petitioner.

Ellis N. Slack, Sp. Asst. to Atty. Gen., Harry Marselli, Sp. Asst. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Charles W. Davis, Chief Counsel, Bureau of Int. Rev., Claude R. Marshal, Sp. Atty., Bureau of Int. Rev., Melva M. Graney, Sp. Asst. to Atty. Gen., Washington, D. C., for respondent.

Before BORAH and RUSSELL, Circuit Judges, and DAWKINS, District Judge.

### PER CURIAM.

The decision of the Tax Court [1] affirmed the determination of the Commissioner that A. B. Frank Company, the taxpayer, was not entitled to relief under section 722 of the Internal Revenue Code [2] with respect to excess profits taxes for the years 1941 to 1945, which it sought to have refunded. The decision was "Reviewed by the Special Division", as provided by subsection (d) of section 732 of the Internal Revenue Code. [3] Taxpayer's motions for reconsideration and vacation of the decision were denied.

■ Petitioning for review here, taxpayer urges that the Tax Court erred in: (1) failing to permit it to assign errors to be heard by the Special Division: (2) in failing to make certain findings of fact, and (3) in failing to grant the relief sought. Petitioner's assertion that it is entitled to resubmit and argue the case to the Special Division is answered by the decision in Green Springs Dairy, Inc. v. Commissioner, 4 Cir., 208 F.2d 471. This authority, and the provisions of section 732(c) of the Internal Revenue Code, [4] require the rejection of petitioner's claims of errors.

---

1. 19 T.C. 174.

2. Former section 722, Title 26, U.S.C.A.

3. Former section 732(d), Title 26, U.S.C.A.

4. Former section 732(c), Title 26, U.S.C.A.: "If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of * * * section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Board." George Kemp Real Estate Co. v. Commissioner, 2 Cir., 182 F.2d 847, certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L. Ed. 624.

Petitioner calls our attention to proposed legislation which it is said may remove these barriers to the prosecution of its claim, apparently seeking a delay in our decision until such legislation is enacted. We adjudge the case in the light of existing law, and, of course, without prejudice to any future procedure or rights which the Congress may in its discretion grant to petitioner or others similarly situated.

The decision of the Tax Court is Affirmed.