**WILLMUT GAS & OIL COMPANY, Plaintiff**

**v.**

**Eugene FLY, Former Collector of Internal Revenue, Defendant.**

**Civ. A. No. 2075**

United States District Court
S. D. Mississippi,
Jackson Division.

Sept. 5, 1961.

Green, Green & Cheney, Jackson, Miss., deQuincy V. Sutton, Meridian, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Stanley Brons, John P. Baker, and Harold L. Chamberlain, Attorneys, Department of Justice, Washington, D. C., for defendant.

COX, District Judge.

This suit was instituted on January 6, 1954, in the District Court against the former Collector of Internal Revenue to recover excess profit taxes paid to him in the amount of $7,558.65 for the year 1944 and in the amount of $11,016.43 for the year 1945 by the plaintiff as taxpayer. These excess profit taxes were paid pursuant to an assessment made by the former Collector and this suit was brought under 28 U.S.C.A. § 1346 for the recovery thereof. Jurisdiction is assailed in limine by motion to dismiss. The defendant contends that exclusive jurisdiction of this case is vested in the tax court by 26 U.S.C.A. Excess Profits Taxes, § 732. The defendant filed its answer and the parties stipulated as to the facts in this case.

Where jurisdiction depends on subject matter, the question of whether jurisdiction exists is easily confused with the question as to whether or not the complaint states a cause of action as the Court said in Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912. This Court necessarily must analyze the complaint to determine whether or not this Court of limited jurisdiction has any power under an Act of Congress to grant the relief requested. § 732 of this Act authorized the taxpayer to file a petition with the Tax Court "for a redetermination of the tax" under this subchapter and authorized the Tax Court to make an additional assessment for any deficiency which it found in its examination of the claim for over-payment of such taxes. 26 U.S.C.A. § 732(c) provides:

"Finality of determination. If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Board."

26 U.S.C.A. § 732(d) provides that such redetermination questions shall be considered by the Chairman and not less than two other members of the Board and that the decision of such special panel shall not be reviewed by the Board and shall be deemed the decision of the Board or Tax Court. The plaintiff states in its reply brief: "Complainant did not at any time base its claim and right under § 711(b) (1) (J) (i), but on the contrary based its claim under § 711(b) (1) (J) (ii)." It contends that it did not rely solely on § 711 but relied upon the fact that the Commissioner himself determined the existence of an abnormality in agreeing to the 1937 depreciation schedule.

An examination of the authorities cited on both sides does not reveal any case and no authority has been found whereby this action may be treated as other than a § 711 suit. The contention of the plaintiff with respect to the inconsistency of the Commissioner does not, in my opinion, present any question which was not committed by that Act of Congress (§ 732) to the Tax Court as a necessary part of the redetermination question which is presented here. Paragraph (c), § 732, seems unquestionably dispositive of the matter of the jurisdiction of this Court in providing that the determination of either a 711 problem or a 722 problem that "the determination of such question shall not be reviewed or redetermined by any court or agency except the Board." In Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985, a suit was instituted against the United States in the Court of Claims for the recovery of

excess profit taxes under the Revenue Act of 1918. Significantly, the Court held the Court of Claims without jurisdiction of that suit. In Brown Paper Mill Co. v. Commissioner of Internal Revenue, 255 F.2d 77, the United States Court of Appeals for the Fifth Circuit was requested to review a decision of the Tax Court regarding excess profit taxes under the relief provision thereof appearing as § 722 and the Court held that it had no jurisdiction over such question which was committed exclusively to the Tax Court.

No case cited or has been found on independent research to uphold the jurisdiction of this Court in this kind of case. The merits of this case are not reached and the judgment to be entered here will not reflect my views on the merits of this case. It is my opinion that this Court is without jurisdiction and that the motion of the defendant to dismiss this suit ought to be sustained. An order to that effect should be immediately presented by the United States Attorney for my signature.

Otto M. Buerger, Jamaica, N. Y., for plaintiff Long Island Rail Road Company. Richard H. Stokes, New York City, of counsel.

John F. Finerty, New York City, for plaintiff Brooklyn Eastern District Terminal.

Hays, St. John, Abramson & Heilbron, New York City, for plaintiffs Bush Terminal Railroad Company and New York Dock Railway. Morris Shilensky, New York City, of counsel.

Gerald E. Dwyer, New York City, for defendant. Jerome H. Shapiro, John H. Colgren, New York City, of counsel.