322 F.2d 301
 WILLMUT GAS & OIL COMPANY, Appellant,
v.
Eugene FLY, Former Collector of Internal Revenue. (Henry Fly, Administrator of the Estate of Eugene Fly, Deceased, substituted in the place of Eugene Fly, Deceased), Appellee.
 No. 19543.
 United States Court of Appeals Fifth Circuit.
 September 10, 1963.
 
 deQuincy V. Sutton, Meridian, Miss., Garner W. Green, Reynolds S. Cheney, Jackson, Miss., Green, Green & Cheney, Jackson, Miss., of counsel, for Willmut Gas & Oil Co.
 Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Benjamin M. Parker, Harry Marselli, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., for appellee.
 Before PHILLIPS,* CAMERON and WISDOM, Circuit Judges.
 WISDOM, Circuit Judge.
 
 
 1
 In this case the taxpayer, Willmut Gas & Oil Company, seeks recovery of World War II excess profits taxes of approximately $18,000, paid in 1944 and 1945 as a result of an allegedly erroneous assessment. The district court dismissed the complaint on the ground that the court had no jurisdiction to review the correctness of the Commissioner's action granting World War II excess profits tax relief solely by reason of Section 711(b) (1) (J) (ii) of the Internal Revenue Code of 1939; Section 732(c)[1] vests jurisdiction exclusively in the Tax Court to review such action of the Commission. D.C. 197 F.Supp. 19. The taxpayer contends that it cannot be compelled to assert its rights only in the Tax Court and that to require it to do so would amount to a deprivation of property without due process. We affirm.
 
 
 2
 By the plain language of Section 732 (c) the Commissioner's determination of abnormal deductions "shall not be reviewed or redetermined by any court or agency except the Tax Court". The courts have uniformly recognized that this section means what it says. In Crowell-Collier Publishing Co. v. Commissioner, 2 Cir. 1958, 259 F.2d 860, cert. den'd. 1958, 358 U.S. 928, 79 S.Ct. 314, 3 L.Ed.2d 302, the Court held inter alia, that Section 732 precluded judicial review of the Tax Court finding that the taxpayer was not entitled to a disallowance under Section 711 of certain allegedly abnormal expenses in the determination of base-period income. This Court reached a similar result on the question whether the review of a determination under Section 722, which is also within the scope of Section 732(c), is vested solely in the Tax Court. Brown Paper Mill Co. v. Commissioner, 5 Cir., 1958, 255 F.2d 77, cert. den'd. 1958, 358 U.S. 906, 79 S.Ct. 229, 3 L.Ed.2d 227; A. B. Frank Co. v. Commissioner, 5 Cir., 1954, 211 F.2d 497. See also United States Rubber Co. v. Commissioner, 2 Cir. 1956, 274 F.2d 307, cert. den'd. 1960, 363 U.S. 827, 80 S.Ct. 1596, 4 L.Ed.2d 1522; Green Springs Dairy, Inc. v. Commissioner, 4 Cir. 1953, 208 F.2d 471. These decisions dealt with review of denials of administrative relief, rather than the direct judicial review of the Commissioner's actions. The difference is not material. The decisions clearly recognize that review is to be left entirely in the administrative domain. See Schilling v. Rogers, 1960, 363 U.S. 666, 674, 80 S.Ct. 1288, 4 L.Ed.2d 1478. In a case analogous to the instant case, involving excess profits taxes under the World War I statute, the Supreme Court held that the Court of Claims was without jurisdiction to review the Commissioner's refusal to make a special assessment based on abnormal conditions. Williamsport Wire Rope Co. v. United States, 1928, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985. The Court noted that the Court of Claims, and hence the district courts, also, are without jurisdiction where the statute creating the claim expressly refers it to an executive branch or an administrative agency. Id. at 561, 48 S.Ct. at 589, 72 L.Ed. 985.
 
 
 3
 The taxpayer presses the argument that limitation of review to the Tax Court amounts to a deprivation of property without due process. Constitutional restraints on the Federal Government's taxing power are few indeed. They are fewer still on federal procedures for tax refunds. The Supreme Court has noted that, in general, due process is satisfied if the taxpayer, after appropriate notice, has an opportunity to be heard as to the amount of the tax by giving him the right to appear at some stage of the proceedings before the tax is irrevocably fixed. See McGregor v. Hogan, 1923, 263 U.S. 234, 44 S.Ct. 50, 68 L.Ed. 282. cf. Londoner v. City of Denver, 1908, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103. The Court has held that the Commissioner of Internal Revenue may be given final authority to grant a refund, thereby precluding court review. Wilson & Co. v. United States, 1940, 311 U.S. 104, 61 S.Ct. 120, 85 L.Ed. 71. As the Court stated in Standard Hosiery Mills, Inc. v. Commissioner, 4 Cir. 1947, 249 F.2d 469:
 
 
 4
 "The questions involved in such cases are complicated and highly technical; and the manifest purpose of Congress was to allow review of the Commissioner's action only by an administrative court having special competence in the premises. This was clearly within the power of Congress, which might have made the Commissioner's determination final if it had seen fit to do so."
 
 
 5
 Such determinations are a "delicate and complex phase of revenue administration" which are not entrusted to a large number of courts, because "none * * * have ready access to the information necessary to enable them to arrive at a proper conclusion in revising his [the Commissioner's] decisions; whose experience in passing upon questions of this character would be limited; and whose varying decisions would tend to defeat, rather than promote * * * equality in the application of the revenue law". Williamsport Wire Rope Co. v. United States, 277 U.S. at 562, 48 S.Ct. at 590, 72 L.Ed. 985.
 
 
 6
 In this case the taxpayer has no election to determine where it will seek relief; Congress has specified an exclusive remedy. Congress has provided for a hearing and review in the Tax Court. Due process requires no more. There is no constitutional guaranty of a hearing in an Article III court. See Anderson Nat'l Bank v. Luckett, 1944, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692; City of Tacoma v. Taxpayers of Tacoma, 1958, 357 U.S. 320, 339-41, 78 S.Ct. 1209, 2 L.Ed.2d 1345.
 
 
 7
 We hold that in accordance with Section 732(c) the taxpayer's claim may be asserted only in the Tax Court.
 
 
 8
 The judgment of the court below is therefore affirmed.
 
 
 9
 CAMERON, Circuit Judge, concurs in the result.
 
 
 
 Notes:
 
 
 *
 Of the Tenth Circuit, sitting by designation
 
 
 [1]
 "Finality of determination. If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court."
 
 
 [55]
 Stat. 17-18 (1941), as amended, 56 Stat. 798 (1942), 59 Stat. 669 (1945). On the stipulated facts of this case, the issue involved is the abnormality of certain extraordinary deductions for depreciation taken by the taxpayer in base period years (Record, pp. 30-35). The disallowance of these deductions is governed by Internal Revenue Code of 1939, § 711 (b) (1) (J)