IRVIN E. AND NANCY AUSTIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Austin v. Commissioner
Docket No. 7870-79.
United States Tax Court
T.C. Memo 1981-208; 1981 Tax Ct. Memo LEXIS 542; 41 T.C.M. (CCH) 1373; T.C.M. (RIA) 81208; April 27, 1981. Irvin E. Austin, pro se. John W. Dierker, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $ 3,307 in petitioners' Federal income tax for the year 1976. The adjustments made by respondent in his notice of deficiency mailed to the petitioners on March 12, 1979, relate to additional income; disallowance of travel expenses; disallowance of repair, insurance and rental expenses; and disallowance of sales taxes and medical expenses. The explanation of the adjustments stated: Since you did not respond to our specific inquiries and verify the amounts claimed as deductions, we have disallowed them. The additional income was determined by indirect methods as provided for by I.R.C. § 446(e). [1]
*543 A timely petition was filed contesting the deficiency. Petitioners were legal residents of Aztec, New Mexico, when they filed their petition in this case. A notice setting the case for trial at Albuquerque, New Mexico, on March 30, 1981, was mailed to petitioners on December 24, 1980, informing them to be present and prepared to try their case. On February 3, 1981, the petitioners filed a motion for summary judgment, together with affidavits and a statement of points and authorities in support of their motion. The motion states as follows: 1. Petitioners are natural individuals at Law on a cash basis. 2. That the Petitioners, Irvin E. and Nancy Austin, hereby declare that they are not ones required to file. 3. That the Petitioners, Irvin E. and Nancy Austin, declare that they have no "income". 4. That the Petitioners, Irvin E. and Nancy Austin, hereby declare that they are natural individuals and that they are not now, nor have they ever been, subject to the jurisdiction of the Internal Revenue Service, as he cannot be positively identified in Title 26 U.S.C. 5. That the Respondent, Commissioner of Internal Revenue, has not done what is required under *544 5 U.S.C. 556(d), i.e.: Respondent has not plead and proven administrative jurisdiction over the Petitioners. 6. That until such time as Respondent pleads and proves administrative jurisdiction over Petitioners, Respondent cannot require that Petitioners subject themselves to the jurisdiction of the Tax Court and Respondent. 7. That Respondent fraudulently compelled Petitioners, by and through Respondent's 90 Day Letter/Notice of Deficiency, to subject themselves to the jurisdiction of Respondent and the United States Tax Court. 8. That Petitioners believe such action by Respondent absent proven jurisdiction, constitutes a denial of due process. 9. That had Petitioners been fully and truthfully informed of all facts concerning the limitations of the United States Tax Court, they would not have sought its jurisdiction. 10. That the attached United States District Court Order signed by the Honorable John L. Kane, concluded that this Tax Court has the jurisdiction to hear the argument and determine whether the Petitioners were ones required to file. 11. That this Court cannot make any determination of amount until the determination of what subjects *545 the Petitioners to the tax, has been made by a court of competent jurisdiction. 12. That this cannot be done unless the Respondent responds with sworn testimony, sufficient enough to prove Petitioners guilty of perjury in their declaration, affirmatively sworn to on an Affidavit, that Petitioners "ARE NOT ONES REQUIRED TO FILE". 13. That until such time as this matter of Law has been settled in a court of competent authority, no matter of fact can exist to dispute. On March 17, 1981, the petitioners filed a motion to dismiss the case for lack of jurisdiction. The following reasons are stated therein: I. This Court lacks jurisdiction over the Petitioners. II. The Internal Revenue Service lacks jurisdiction over the Petitioners. III. The Petitioners were fraudulently led to believe this Court was capable of granting relief. IV. The Petitioners were compelled to appear. When the case was called for trial on March 30, 1981, the petitioners were present and made arguments in support of their motions. Respondent opposed the motions, and the Court orally denied them. The contention that the Tax Court lacks jurisdiction of this case is without merit. Where, *546 as here, a taxpayer receives a notice of income tax deficiencies and files a timely petition with the United States Tax Court, he gives the Court exclusive jurisdiction. Section 6512(a). The mere filing of the petition in the Tax Court is enough to deprive a United States District Court of jurisdiction for years as to which the petition was filed. See United States v. Wolf, 238 F.2d 447 (9th Cir. 1956); Brooks v. Driscoll, 114 F.2d 426 (3d Cir. 1940). It is significant that it is the taxpayer's action in filing a valid petition in the Tax Court, under circumstances which give the Court jurisdiction, and not any action taken by the Court, that bars a subsequent suit. Elbert v. Johnson, 164 F.2d 421, 424 (2d Cir. 1947). As we said in Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974): It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy. See Main-Hammond Land Trust, 17 T.C. 942, 956 (1951), affd. 200 F.2d 308 (C.A. *547 6, 1952); United States v. Shepard's Estate196 F. Supp. 281, 284 (N.D. N.Y. 1961), affirmed as modified on other issues 319 F.2d 699(C.A. 2, 1963); and Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (C.A. 5, 1966), affirming a Memorandum Opinion of this Court. See also Burns, Stix Friedman & Co; Inc. v. Commissioner, 57 T.C. 392 (1971); Bowser, Sr. v. Commissioner, 78-1 USTC par. 9102, 40 AFTR 2d 77-5531 (3d Cir. 1977). The Court of Appeals for the Fourth Circuit said in an unpublished per curiam opinion (609 F.2d 505) dated October 5, 1979, affirming an order and decision of this Court in Bowser, Jr. v. Commissioner , docket No. 5544-75: On Appeal Bowser attacks the constitutional authority of the Tax Court to adjudicate his tax liability. The constitutionality of the Tax Court has been explicitly sustained in a number of decisions. See, e.g., Melton v. Kurtz, 575 F.2d 547 (5th Cir. 1978); Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (5th Cir.), cert. denied, 385 U.S. 918 (1966); Martin v. Commissioner, 358 F.2d 63 *548 (7th Cir.), cert. denied, 385 U.S. 920 (1966); Willmut Gas & Oil Co. v. Fly, 322 F.2d 301 (5th Cir. 1963), cert. denied, 375 U.S. 984 (1964). SeealsoAmos v. Commissioner, 360 F.2d 358 (4th Cir. 1965). Furthermore, in 1969 Congress altered the status of the Tax Court from that of an "independent agency in the Executive Branch of Government" to a "court of record" established under Article I of the Constitution of the United States.The authority of Congress to establish specialized courts or courts of limited jurisdiction outside the authority of Article III of the Constitution has long been recognized. SeeWilliams v. United States, 289 U.S. 553 (1933); Ex parte Bakelite Corp., 279 U.S. 438 (1929). Accordingly, we hold that this Court has jurisdiction over the disposition of this case. The multitude of constitutional and statutory arguments and affirmative defenses advanced by petitioners in their motion for summary judgment and the statement submitted with it are without merit. Wilkinson v. Commissioner, 71 T.C. 633, 637-639 (1979). All *549 such arguments have been fully and previously considered by this and other courts and decided adversely to the taxpayers. [2]
After orally denying their motions, the Court asked the petitioners if they intended to offer any evidence to show errors in the adjustments made by respondent in the notice of deficiency. They declined, and thus failed to produce any evidence. Whereupon respondent's counsel orally moved to dismiss the case for failure to properly prosecute. The issues are factual and the burden of proof is on the petitioners. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Because they declined to present any evidence to support the assignments of *550 errors alleged in their petitions, we will grant respondent's oral motion to dismiss the case for lack of prosecution. We also sustain respondent's determination on the ground that the petitioners, although offered the opportunity to do so, did not present any evidence on the substantive issues, and therefore they have failed to carry their burden of proof. An Order and Decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. See the cases cited in Bowser v. Commissioner, T.C. Memo. 1980-483; Hergott v. Commissioner, T.C. Memo. 1980-283; Brobeck v. Commissioner, T.C. Memo. 1980-239; Grimes v. Commissioner, T.C. Memo. 1979-514, affd. in an unpublished order (9th Cir., October 7, 1980); Johnson v. Commissioner, T.C. Memo. 1978-32↩, affd. in an unpublished opinion (9th Cir., June 20, 1980).