WALTER E. AND WILMA KUHN, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Kuhn v. Commissioner
Docket Nos. 7731-79, 704-80, 705-80.
United States Tax Court
T.C. Memo 1981-207; 1981 Tax Ct. Memo LEXIS 541; 41 T.C.M. (CCH) 1372; T.C.M. (RIA) 81207; April 27, 1981. Walter E. Kuhn, pro se. William P. Hardeman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: In these cases respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Petitioners
Dkt. No.
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [2]
Walter E. and
Wilma Kuhn
7731-79
1975
$ 3,166.88
$ 158.34
Walter E. Kuhn
704-80
1976
13,777.20
$ 3,444.30
688.86
1977
1,980.00
495.00
99.00
Wilma E. Kuhn
705-80
1976
13,777.20
3,444.30
688.86
1977
1,980.00
495.00
99.00
The adjustments made in the notice of deficiency *542 mailed to petitioners on March 6, 1979, with respect to the year 1975 and the separate notices of deficiencies mailed to them on November 19, 1979, with respect to the years 1976 and 1977, relate to capital gains; rental income and expenses; interest income; additional income determined by the bank deposits method; disallowance of itemized deductions; and the negligence and failure to file penalties. Timely petitions were filed with this Court in all three cases. Petitioners were legal residents of Cerrillos, New Mexico, when they filed their petitions in these cases. Notices setting the cases for trial at Albuquerque, New Mexico, on March 30, 1981, were mailed to petitioners on December 24, 1980, informing them to be present and prepared to try their cases. On March 24, 1981, the petitioners filed in each case a "Motion to Dismiss for Want of Jurisdiction," stating as follows: 1. That this Court does have jurisdiction over the parties involved. 2. That this Court has no jurisdiction over questions of law and cannot render the relief sought. a. The issues involved in the above captioned matters are substantive issues of law and not disputes of fact. b. That until *543 the issues of law have been judicially determined, there can be no fact to dispute. 3. That Petitioners have taken the necessary steps to initiate litigation in the United States District Court in an action for refund. 4. That Petitioners decline to make further prosecution for reasons stated above. When the cases were called for trial on March 30, 1981, the petitioners were present and argued in support of their motions to dismiss for lack of jurisdiction. Respondent opposed the motions. For reasons stated in the record the Court denied the petitioners' motions. The contention that this Court lacks jurisdiction of these cases is without merit. Where, as here, a taxpayer receives a notice of income tax deficiencies and files a timely petition with the United States Tax Court, he gives the Court exclusive jurisdiction. Section 6512(a). The mere filing of the petition in the Tax Court is enough to deprive a United States District Court of jurisdiction for years as to which the petition was filed. See United States v. Wolf, 238 F.2d 447 (9th Cir. 1956); Brooks v. Driscoll, 114 F.2d 426 (3d Cir. 1940). It is significant that it is the *544 taxpayer's action in filing a valid petition in the Tax Court, under circumstances which give the Court jurisdiction, and not any action taken by the Court, that bars a subsequent suit. Elbert v. Johnson, 164 F.2d 421, 424 (2d Cir. 1947). As we said in Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974): It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy. See Main-Hammond Land Trust, 17 T.C. 942, 956 (1951), affd. 200 F.2d 308 (C.A. 6, 1952); United States v. Shepard's Estate196 F. Supp. 281, 284 (N.D. N.Y. 1961), affirmed as modified on other issues 319 F.2d 699 (C.A. 2, 1963); and Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (C.A. 5, 1966), affirming a Memorandum Opinion of this Court. See also Burns, Stix Friedman & Co., Inc. v. Commissioner, 57 T.C. 392 (1971); Bowser, Sr. v. Commissioner, 78-1 USTC par. 9102, 40 AFTR 2d 77-5531 (3d Cir. 1977). The Court *545 of Appeals for the Fourth Circuit said in an unpublished per curiam opinion (609 F.2d 505) dated October 5, 1979, affirming an order and decision of this Court in Bowser, Jr. v. Commissioner, docket No. 5544-75: On appeal Bowser attacks the constitutional authority of the Tax Court to adjudicate his tax liability. The constitutionality of the Tax Court has been explicitly sustained in a number of decisions. See, e.g., Melton v. Kurtz, 575 F.2d 547 (5th Cir. 1978); Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (5th Cir.), cert. denied, 385 U.S. 918 (1966); Martin v. Commissioner, 358 F.2d 63 (7th Cir.), cert. denied, 385 U.S. 920 (1966); Willmut Gas & Oil Co. v. Fly, 322 F.2d 301 (5th Cir. 1963), cert. denied, 375 U.S. 984 (1964). SeealsoAmos v. Commissioner, 360 F.2d 358 (4th Cir. 1965). Furthermore, in 1969 Congress altered the status of the Tax Court from that of an "independent agency in the Executive Branch of Government" to a "court of record" established under Article I of the Constitution *546 of the United States.The authority of Congress to establish specialized courts or courts of limited jurisdiction outside the authority of Article III of the Constitution has long been recognized. SeeWilliams v. United States, 289 U.S. 553 (1933); Ex parte Bakelite Corp., 279 U.S. 438 (1929). Accordingly, we hold that this Court has jurisdiction over the disposition of these cases. After denying their motions, the Court asked the petitioners if they intended to offer any evidence to show errors in the adjustments made by respondent in the notices of deficiencies. They declined, and thus failed to produce any evidence. Whereupon respondent's counsel orally moved to dismiss the cases for the petitioners' failure to properly prosecute. The issues are factual and the burden of proof is on the petitioners. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Because they declined to present any evidence to support the assignments of errors alleged in their petitions we will grant respondent's oral motion to dismiss each case for lack of prosecution. We also sustain respondent's *547 determination on the ground that the petitioners, although offered the opportunity to do so, did not present any evidence on the substantive issues, and therefore they have failed to carry their burden of proof. Orders and Decisions will be entered. Footnotes
1. Cases of the following petitioners are consolidated herewith: Walter E. Kuhn, docket No. 704-80; Wilma E. Kuhn, docket No. 705-80.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩