T.C. Memo. 1999-361

UNITED STATES TAX COURT

DOUGLAS J. CRAWFORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14736-97.           Filed October 29, 1999.

Douglas J. Crawford, pro se.

<u>Gretchen A. Kindel</u>, for respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioner's Federal income tax for the taxable
years 1991 and 1993 and additions to tax for failure to file

timely Federal income tax returns pursuant to section 6651(a)(1)[1] as follows:

|  Year  |  Deficiency  | Additions to Tax Sec. 6651(a)(1) |
| --- | --- | --- |
| 1991 | $3,074 | $106.50 |
| 1993 | 2,156 | 539.00 |

Following concessions by respondent,[2] the issues for decision are: (1) Whether the Tax Court has jurisdiction to consider petitioner's constitutional objections; (2) whether assignment of a case to a Special Trial Judge pursuant to section 7443A(b)(3) violates petitioner's constitutional rights; (3) whether unemployment compensation received by petitioner in 1991 should be included in petitioner's 1991 gross income; (4) whether petitioner is liable for an addition to tax pursuant to section 6651 for failing to file a Federal income tax return for 1991; and (5) whether petitioner is liable for a penalty under section 6673(a).

The evidence in this case consists of a stipulation of facts with the attached exhibits (incorporated herein by reference) and

---

[1] All section references are to the Internal Revenue Code in effect for the tax years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent has conceded that petitioner is not liable for any deficiency in income tax or addition to tax for the taxable year 1993. Respondent also conceded that petitioner used the standard deduction in computing his 1990 Federal income tax and that petitioner's refund of State income taxes is not includable in petitioner's 1991 income.

oral testimony and exhibits admitted at trial. When the petition was filed, petitioner lived in San Diego, California.

## Background

Petitioner failed to file an income tax return for the year 1991. Respondent determined a deficiency in petitioner's 1991 Federal income tax of $3,074 using information provided by third parties. In the notice of deficiency, respondent determined that petitioner failed to report wages, interest, and dividends of $23,714 and taxable unemployment compensation of $2,280. Petitioner claims that $570 of the unemployment compensation he received in 1991 relates to the 1990 taxable year and should not be included in his 1991 gross income. Petitioner also objects to the assignment of this case to a Special Trial Judge for hearing and decision and asserts that the assignment violates his constitutional rights. Petitioner further asserts that the Tax Court is jurisdictionally barred from deciding constitutional questions.

## Discussion

1. Constitutional Arguments

Petitioner's constitutional arguments are wholly frivolous.

Petitioner asserts that the Tax Court is unconstitutional because it was established pursuant to the provisions of Article I of the U.S. Constitution rather than Article III. This argument is wholly without merit. It is well established that functions such as those performed by the Tax Court can be

entrusted to Article I courts.  See Freytag v. Commissioner, 501 U.S. 868 (1991); Redhouse v. Commissioner, 728 F.2d 1249 (9th Cir. 1984), affg. 79 T.C. 355 (1982); Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (5th Cir. 1966), affg. T.C. Memo. 1964-230; Rowlee v. Commissioner, 80 T.C. 1111 (1983). Additionally, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would normally lie, has stated:  "we have often upheld Tax Court decisions which were based on a constitutional inquiry."  Rager v. Commissioner, 775 F.2d 1081, 1083 (9th Cir. 1985), affg. T.C. Memo. 1984-563.

Petitioner further argues that he is denied due process of law and equal protection by being required to pay the deficiency as a precondition to litigating in the U.S. District Court.  A taxpayer has alternative avenues of judicial review available to contest the Commissioner's determination of a deficiency in tax. The taxpayer may either pay the deficiency and sue for a refund in the District Court or the Claims Court, or the taxpayer may withhold payment and petition the Tax Court.  In either case, a decision of the trial court may be reviewed in the Court of Appeals and ultimately in the Supreme Court.  These procedures satisfy due process.  See Redhouse v. Commissioner, supra; Stonecipher v. Bray, 653 F.2d 398 (9th Cir. 1981); Willmut Gas & Oil Co. v. Fly, 322 F.2d 301 (5th Cir. 1963).

Petitioner has voluntarily chosen to have his dispute resolved in this Court.  This Court operates pursuant to statute,

and petitioner is subject to the statutory rules, including the Special Trial Judges' authority to hear and decide cases under section 7443A(b)(1), (2), and (3).  See Freytag v. Commissioner, supra at 882.

2.  Determination of Deficiency

Petitioner failed to file an income tax return for 1991.  In determining petitioner's deficiency, respondent reconstructed petitioner's income using information provided by third parties, e.g., Form W-2, Form 1099-INT, and Form 1099-UC.  Petitioner does not dispute the source or amount of income set forth in the notice of deficiency.  Petitioner has stipulated to receiving the amounts of income set forth in respondent's notice of deficiency. Petitioner's contention is that $570 of the unemployment compensation he received in 1991 relates to the year 1990 and should not be included in his 1991 gross income.

In reconstructing petitioner's 1991 income, respondent used the cash receipts and disbursement method.  If no method of accounting has been regularly used by the taxpayer, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, clearly reflects income.  See sec. 446(b).  Where a taxpayer keeps no established books or any regular system of accounting, his income is to be recomputed on the cash receipts and disbursement method.  See Kotmair v. Commissioner, 86 T.C. 1253, 1258 (1986).  Under the cash receipts and disbursement method, all items which constitute gross income

are included for the taxable year in which they are actually or constructively received.  See sec. 1.446-1(c)(1)(i), Income Tax Regs.  Accordingly, unemployment compensation received by petitioner in 1991 is properly includable in petitioner's 1991 gross income.

3.  Section 6651 Addition to Tax

Section 6651(a) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions.  The addition to tax is inapplicable, however, if the taxpayer shows that the failure to file the return was due to reasonable cause and not willful neglect.  See sec. 6651(a)(1).  To prove "reasonable cause", taxpayers must show they exercised ordinary business care and prudence and were still unable to file the return within the statutorily prescribed time.  See Crocker v. Commissioner, 92 T.C. 899, 913 (1989).  Petitioner has not contradicted respondent's assertion that he failed to file an income tax return, nor has petitioner claimed that he had reasonable cause for failing to file an income tax return.  Petitioner has not provided this Court with any legal or factual justification for not filing an income tax return for 1991.  We, therefore, hold that petitioner is liable for the addition to tax for delinquent filing as determined by respondent.

4.  Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless; i.e., it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law.  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Talmage v. Commissioner, T.C. Memo. 1996-114, affd. without published opinion 101 F.3d 695 (4th Cir. 1996).  In our view, under all the circumstances here, including the concessions by respondent, a penalty in this case is not appropriate.

To reflect concessions,

Decision will be entered

under Rule 155.