**CHAMPION RIVET CO. v. UNITED STATES.**

No. 42135.

Court of Claims.

Dec. 4, 1939.

Francis R. Lash, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

LITTLETON, Judge.

The contentions of plaintiff in this case are the same as the contentions advanced by it in support of its claimed right to re-

cover the tax assessed and collected in Lehigh Portland Cement Company v. United States, Ct.Cl., 30 F.Supp. 217, decided this date. For the reasons stated in the opinion in these cases, we hold that plaintiff is not entitled to recover in this case.

Upon the particular facts disclosed by the record in this case, there are additional reasons why recovery cannot be had. The facts show that upon receipt of the Commissioner's deficiency notice plaintiff filed a petition with the U. S. Board of Tax Appeals and that before any assessment or attempted collection was made, the plaintiff, on June 15, 1926, filed with the Commissioner's counsel a written stipulation signed by it which went to the Commissioner's office with the record in the case, and which stipulation plaintiff requested the Commissioner to file with the Board of Tax Appeals "so that the appeal may be stricken from the calendar." In this written stipulation and consent the taxpayer agreed that the petition on file with the Board for 1920 be discontinued and withdrawn and stated that "the taxpayer hereby consents to the assessment appealed from." The Commissioner made a notation upon the written request, stipulation, and consent of the taxpayer that he had no objection to the same and to the entry of an order by the Board redetermining the deficiency in the amount which he had determined and of which he had duly notified the taxpayer. Accordingly, on July 26, 1926, the Board, pursuant to plaintiff's written consent, entered judgment for the deficiency of $74,077.37. This written stipulation by plaintiff was a plain agreement to the deficiency determined by the Commissioner and we think it was also a consent to its immediate assessment and collection. Obviously the plaintiff's written consent could have had no other purpose, unless the appeal had been filed purely for the purpose of delay, which the statute condemns. See section 1000, Title X, Revenue Act of 1926, amending section 911 of the Revenue Act of 1924, 26 U.S.C.A. § 617 (g). It is not necessary that a taxpayer use any particular form or state its consent by the use of any particular words if consent results or may be held to be reasonably intended by what is said. In this case the taxpayer stated that it desired to discontinue and withdraw its petition and consent to the assessment appealed from. This can only mean that the taxpayer was

waiving its right to proceed with the case before the Board and consenting to assessment of the deficiency, in respect of which the petition had been filed with the Board. The waiver was not conditional. Compare Columbian Carbon Co. et. al. v. United States, 77 Ct.Cl. 768, 3 F.Supp. 536.

In a case like the one at bar, or where the taxpayer consents to and stipulates with the Commissioner with respect to the amount of the judgment to be entered by the Board in a case in which the Commissioner has determined a deficiency, there exists no right of appeal, for a taxpayer cannot appeal from a judgment of the Board of Tax Appeals to which he has expressly agreed. On August 21, 1926, almost a month after the Board's decision had been entered, the Commissioner assessed the deficiency to which the taxpayer had agreed, together with interest to the date of assessment. Any further delay in assessing would only have resulted in the payment of a greater amount of interest by plaintiff. Thereafter, on September 13, 1926, upon receipt of notice and demand from the collector, plaintiff paid the amount of tax and interest assessed. Plaintiff did not at any time seek to enjoin collection, even if it might have done so in the circumstances.

Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.