UNITED STATES of America, Plaintiff

v.

ESTATE of Kenneth L. SHEPARD, the Legatees Under the Will of Kenneth L. Shepard Who Are Raymond F. Shepard, Norman J. Shepard, Carl P. Shepard, Milo J. Shepard, Elsie M. Shepard, Carli Flo Ames Shepard and Milo J. Shepard, Executor of the Estate of Kenneth L. Shepard, Defendants.

Civ. No. 7322.

United States District Court
N. D. New York.
June 19, 1961.

282

Justin J. Mahoney, U. S. Atty., Syracuse, N. Y., Robert A. Contiguglia, Asst. U. S. Atty., Syracuse, N. Y., of counsel; William v. Crosswhite, Regional Counsel, New York City, Robert D. Whoriskey, Sp. Atty. Internal Revenue Service, New York City, on brief, for plaintiff.

Milo J. Shepard, Syracuse, N. Y., for Estate of Kenneth L. Shepard; Milo J. Shepard individually and as Executor of Estate of Kenneth L. Shepard, Elsie Shepard and Carl P. Shepard.

Costello, Cooney & Fearon, Syracuse, N. Y., for defendants Norman J. Shepard and Raymond F. Shepard.

BRENNAN, Chief Judge.

In this action plaintiff seeks to recover unpaid income taxes for the year 1947. An appropriate judgment is sought against the executor of the estate of the deceased taxpayer and several legatees under his will to whom moneys have been paid by the executor from the assets of the estate.

The facts are substantially undisputed. The applicability of statutory provisions limiting the time, within which a tax assessment may be made and an action to recover the assessed deficiency may be commenced, are the sole problems involved herein and briefed by the litigants. A summary of the factual background is set out below.

Kenneth L. Shepard, a businessman, residing in Onondaga County, New York, filed his 1947 federal income tax return on April 15, 1948. His return showed a taxable income and the tax, as computed by the taxpayer, was paid. On March 14, 1951, a so-called ninety day letter, asserting a tax deficiency for the taxable year of 1947 in the amount of $2,577.01, was mailed to the taxpayer. This notice was apparently received on March 15, 1951. Same contained the usual information as to the right of the taxpayer to dispute the amount of the deficiency by filing a petition with the Tax Court within a ninety day period. It appears that the asserted deficiency for the most part arises by reason of the addition of $5,000 to the income of each of two business ventures in which the taxpayer was engaged. On May 7, 1951 and within the ninety day period, the taxpayer petitioned the Tax Court for a review of the deficiency, above referred to. On September 13, 1951, the taxpayer died, leaving a last will and testament

which was admitted to probate on November 16, 1951 a ' defendant, Milo J. Shepard, was appointed executor thereof by the Surrogate's Court of Onondaga County. On May 20, 1952 apparently as the result of a re-audit, above referred to, the tax deficiency was recomputed and determined in the amount of $3,243.60 and the executor executed Form No. 903 which in its language waived the restrictions provided in Section 272(a) of the Internal Revenue Code, 26 U.S.C. § 272(a) and consented to the immediate assessment and collection of the deficiency in the amount last above mentioned. The amount of the deficiency at the above time being disputed in the Tax Court, an official of the Internal Revenue Bureau on May 26, 1952 wrote to the executor advising him in effect that the above waiver would not accomplish the closing of the matter in the Tax Court and enclosed stipulations for the signature of the executor to be filed in the Tax Court. On June 12, 1952, the stipulation was signed by the executor and a representative of the Bureau of Internal Revenue. The stipulation provided that the Tax Court may enter its decision finding a deficiency in the 1947 tax return of the taxpayer in the amount of $3,243.60. The stipulation further provided "that effective upon the entry of the Court's decision, petitioner waives the restrictions, *if any*, contained in the applicable internal revenue act or acts, on the assessment and collection of said deficiency, plus interest as provided by law." On August 28, 1952 the Tax Court entered its decision, pursuant to the stipulation, finding the deficiency in the above amount. On October 24, 1952, an assessment was made in accordance with the order of the Tax Court for the amount of the deficiency plus interest. Exh. 3. Notices of the assessment and demands for payment were thereafter given to and made upon the executor and a copy of a claim was filed with the executor on May 14, 1953. A duplicate of said claim was filed with the Clerk of the Surrogate's Court of

Onondaga County. On October 23, 1958 this action was commenced.

Prior to the commencement of this action, the United States commenced a proceeding in the Surrogate's Court of Onondaga County seeking an accounting by the executor of the estate of the deceased taxpayer, and to compel the payment by the executor of the unpaid tax above referred to. On June 26, 1958, the Surrogate made his decision, finding in effect that the claim, involved herein, was valid; was not barred by any statute of limitations and directed that payment thereof be made on or before August 14, 1958. Payment has not been made and further action in the Surrogate's Court has been withheld pending a decision in this action.

It is sufficient to say that viewing the evidence and records in a most charitable light that the administration of the estate of the taxpayer has been badly handled. The assets of the estate exceeded in a substantial amount the liabilities thereof. The estate is now and has been insolvent and no assets remain therein. During the course of the administration of the estate, the following payments from the assets thereof have been made by the executor to the legatees in the amounts and as named below.

| Norman J. Shepard | $4500. |
| Carl P. Shepard | 2500. |
| Raymond F. Shepard | 2000. |
| Milo J. Shepard | 4500. |
| Elsie M. Shepard | 1500. |

There is some evidence that the payment to Elsie M. Shepard, as above, was made to her as a creditor rather than a legatee but her liability would seem to be unchanged.

This action seeks judgment against the defendants upon the theory that the moneys, received by each, constituted a trust fund subject to the payment of the unpaid taxes.

It is the court's understanding that the plaintiff no longer seeks a judgment against defendant Carli Flo Shepard, who received the amount of $13,500 and ac-

cordingly the complaint is considered as withdrawn as against this defendant.

Both parties agree that the provisions of the Internal Revenue Act of 1939 must be applied in the determination of the dispute arising here. 26 U.S.C. § 7851(b) (1) and (d), 1954 I.R.Code. The statutory citations herein therefore refer to the 1939 Act unless otherwise indicated. A better understanding of the issue involved may be had by first stating defendant's contentions.

As understood, defendants contend that the assessment made October 24, 1952 is beyond the three year limitation period provided by 26 U.S.C. § 275(a) which is applicable. They conclude that the alleged assessment is invalid. They further conclude that this action is barred by the expiration of the limitation period provided in 26 U.S.C. § 276(c).

Plaintiff's contentions may be summarized as follows.

(1) That the assessment of October 24, 1952 is valid and was within the three year limitation period provided in 26 U.S. C. § 275(a) after giving effect to the time periods during which the running of the statute of limitation was suspended according to the provisions of 26 U.S.C. § 277. (2) That the five year statute of limitations upon assessment provided in 26 U.S.C. § 275(c) is applicable. (3) That the executor is estopped from disputing the validity of the assessment by the proceedings had in the Surrogate's Court of Onondaga County or that same is res judicata insofar as the executor is concerned. (4) That the unexpired portion of the limitation period on assessment remaining at the time of the mailing of the notice of deficiency should be carried over and added to the sixty day period after the decision of the Tax Court becomes final or to the sixty day period after the filing of the waiver of restrictions on assessment.

Since the litigants appear to stress the application or the non-application of the three year limitation period, it would seem advisable to first dispose of that controversy.

The taxpayer's return was filed April 15, 1948. The notice of deficiency was mailed March 14, 1951 so that two years, ten months and twenty-nine days of the three year limitation period had expired. All litigants agree that the deficiency notice suspended the running of the limitation statute from its date until the filing of the taxpayer's petition in the Tax Court on May 7, 1951 and further suspended the statute at least until the filing of the taxpayer's waiver on May 20, 1952. 26 U.S.C. § 277. At this point, the litigants disagree. The defendant contends that the executor's waiver of May 20, 1952 permitted and required the immediate assessment of the agreed deficiency. The plaintiff contends that the waiver was ineffective to reinstate the running of the limitation statute according to the express language of 26 U.S.C. § 277. This court holds that the plaintiff is right.

No reported decision is found which can be termed as an authority upon the problem involved. Defendant's contention, that the right to file the waiver as provided in 26 U.S.C. § 272(d) is unqualified as to time, is undoubtedly correct but it must be an effective waiver. The taxpayer, having once submitted the dispute as to the amount of the deficiency to the Tax Court, the plaintiff has a definite interest therein since the amount of the deficiency may be raised or lowered by Tax Court action. The taxpayer may not unilaterally oust the Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy. Main-Hammond Land Trust v. C. I. R., 17 T.C. 942, affirmed 6 Cir., 200 F.2d 308. To hold that the Commissioner has an obligation to assess in any amount designated in the waiver while the Tax Court retains jurisdiction to determine the amount thereof would be unrealistic in its application. Successive waivers authorizing assessments in different amounts might be filed, thus complicating the dispute, while the purpose of a waiver is to settle it. While the controversy is in the Tax Court, the Government has a definite stake in the mat-

ter of the running or suspension of the limitation statute. Here there is no agreement that the limitation period should again begin to run upon the filing of the waiver or within thirty days thereafter which is the customary period within which an assessment is made. There is no doubt but that a purpose of the waiver is to stop the running of interest, United States v. Price, 361 U.S. 304, 80 S.Ct. 326, 4 L.Ed.2d 334, but a valid waiver contemplates that the amount due is liquidated and that the controversy is at an end. In Moore v. Cleveland Ry. Co., 6 Cir., 108 F.2d 656 at page 659, cited by the taxpayer, we find that the purpose of the waiver is to permit the taxpayer to settle his tax liability and the Government to get its money without delay *where no controversy remains* between the taxpayer and the Commissioner. Here the taxpayer attempts to temporarily settle his tax liability by the waiver but retains his dispute in the Tax Court unimpaired thereby. He admits his liability on the one hand but on the other, he still seeks to litigate the question. This he may not do.

The express language of 26 U.S.C. § 277 provides that the limitation statute is suspended *in any event*, after the proceeding reaches the Tax Court and until sixty days after its decision becomes final. The words "in any event" would seem to nullify the effect of a waiver upon the limitation statute, when filed, after the proceeding reaches the Tax Court and without stipulating the discontinuance thereof.

The further stipulation and waiver of June 6, 1952 confirms the conclusion that the litigants understood that the waiver of May 20, 1952 was ineffective. Otherwise, there would be no necessity for the taxpayer to sign the second waiver of that date.

The decision of the Tax Court was made on August 28, 1952. The taxpayer, having stipulated for the entry of such decision, cannot appeal therefrom. Champion Rivet Co. v. United States, Ct. Cl., 30 F.Supp. 234 at page 236. It there-

fore became final as of that date and the statute of limitations was suspended until sixty days thereafter or until October 27, 1952. It follows that the assessment made on October 24, 1952 was therefore timely and valid. The problem need not be labored further since, as indicated below, the five year statute is applicable and, upon that basis, the assessment was also timely made.

■ The Government's claim that the five year limitation period, in which the assessment may be made, appears to be substantial. 26 U.S.C. § 275(c) provides in effect that if the taxpayer omits from gross income an amount in excess of 25% of the amount of gross income stated in the return, then the five year provision applies. Here the tax return shows gross income from the two business ventures, dividends and rents in the amount of $36,216.90. Upon audit or re-audit there was added additional income of the taxpayer's business ventures in the amount of $11,817.43 and the ultimate tax deficiency of $3,243.60 and assessment were based upon such additional income. The details of the above computation appear in audit report of May 20, 1952 attached to defendant's brief. It would seem to follow that the five year limitation period would apply and the plaintiff's contention must be sustained.

The discussion of the applicable law may well rest upon the citation of three reported decisions. The omission of items of gain from the taxpayer's computation of gross income, as it appears upon the return, invoke the provisions of 26 U.S.C. § 275(c). Uptegrove Lumber Co. v. Commissioner of Internal Revenue, 3 Cir., 204 F.2d 570 at page 571. Here such items were omitted to such an extent as to make the statute operative. The statutes and regulations (presently numbered 39.22(a)–5) involved here are the same as those discussed and applied in Carew v. Commissioner of Internal Revenue, 215 F.2d 58. See also Iverson's Estate v. Commissioner of Internal Revenue, 8 Cir., 255 F.2d 1. Here the omitted gain in gross income

exceeded 25% of that reported by the taxpayer and applying the reasoning of the Carew decision to the facts here requires the conclusion that the five year statute applies and that the assessment was timely made. This would be true even without giving effect, as claimed by plaintiff, to the unexpired portion of the statute of limitations remaining at the time of its suspension by the mailing of the deficiency notice and the subsequent proceedings in the Tax Court. Olds & Whipple Inc. v. United States, Ct.Cl., 22 F.Supp. 809, at page 819.

This court has not overlooked the contention that the proceeding in the Surrogate's Court of Onondaga County would be res judicata against the executor. Here we have the rights of transferees involved and even if the Government's contention be correct, a decision thereon would not entirely dispose of this litigation. Under the circumstances, the Government's contention is noted but not decided.

It need hardly be stated that since it has already been held that the assessment made on October 24, 1952 was timely, and that it appearing the action was commenced by the filing of the complaint on October 23, 1958, that defendant's contention that the action is barred by the six year statute of limitations is without force and is rejected.

■ It is unnecessary to discuss in detail the action insofar as it affects the legatees, transferees or creditors of the estate of the taxpayer. They join with the executor in urging that the assessment was invalid as above outlined. This contention having been rejected, then the action is properly and timely brought against them. United States v. City of N. Y., D.C., 134 F.Supp. 374.

■ Since the transferees advance no other contention as to their liability, no discussion as to the basis thereof would seem necessary and the requested judgments against them should follow. There remains however equitable considerations in the matter of the allowance of interest to be included therein. In Pallister

v. United States, D.C., 182 F.Supp. 720, it was held that in the case of a transferee whose good faith is not challenged, interest should not be imposed prior to the time when he had notice of the debtor-creditor relationship between himself and the Government. Such a holding will be followed here. As far as the record shows, the transferees here, except Milo J. Shepard in his individual capacity, had not such knowledge until the commencement of this action on October 23, 1958. The judgment against them will bear interest accordingly. Judgment against the Estate of Kenneth L. Shepard and against Milo J. Shepard individually and as executor of the Estate of Kenneth L. Shepard will bear interest from the date of the assessment.

Such judgment will be prepared by the plaintiff as above indicated and in accordance with the prayer of the complaint and presented to this court for signature upon five days' notice to opposing counsel; and it is

So ordered.