575 F.2d 547
 78-2 USTC P 9558
 Rosser B. MELTON, Jr., Plaintiff-Appellant,
v.
Jerome KURTZ, Commissioner of Internal Revenue, Leonard E.
Semrick, District Director, Carol Keller, Group
Manager, and Cecil W. Barnes, Internal
Revenue Agent, Defendants-Appellees.
 No. 77-3045
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 June 21, 1978.
 
 Rosser B. Melton, Jr., pro se.
 Jamie C. Boyd, U. S. Atty., San Antonio, Tex., M. Carr Ferguson, Asst. Atty. Gen., Tax Div., Gilbert E. Andrews, Chief App. Sec., Robert A. Bernstein, Richard D. Buik, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Texas.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Taxpayer, Rosser B. Melton, Jr., filed suit in federal district court against Donald Alexander, the Commissioner of Internal Revenue, Leonard Semrick, District Director, Carol Keller, Group Manager, and Cecil Barnes, Internal Revenue Agent, as individual defendants, requesting a declaration that certain federal tax statutes were unconstitutional and an injunction to prevent the Commissioner from assessing and collecting taxes from him. Defendants filed a motion for summary judgment based on numerous grounds. The district court granted the motion stating "(a)fter carefully considering the Motions and briefs in support of and responses to each, the Court is of the opinion, and so finds that the defendant's Motion is meritorious. . . ." No findings of fact and conclusions of law were rendered. Plaintiff appeals, expressly objecting to the failure of the district court to state its reasons for granting defendant's motion. We affirm.[1]
 
 
 2
 We are confronted here with a taxpayer who seeks both declaratory and injunctive relief with respect to federal taxes. Neither injunctive nor declaratory relief are available to the taxpayer in this case. Both the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Internal Revenue Code's anti-injunction statute, 26 U.S.C. § 7421(a) bar such relief in actions involving federal taxes.
 
 
 3
 Taxpayer asserts in his complaint that the graduated or progressive income tax is unconstitutional because it denies taxpayers equal protection. The Supreme Court has considered this contention and found it to be without merit. Brushaber v. Union Pacific Railroad Company, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916).
 
 
 4
 Taxpayer contends that the statutes establishing the Tax Court of the United States are unconstitutional. This contention has been presented before and rejected. Nash Miami Motors, Inc. v. C. I. R., 358 F.2d 636 (5th Cir. 1966), cert. den., 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142; also Hartman v. Switzer, 376 F.Supp. 486 (W.D.Pa.1974).
 
 
 5
 Taxpayer lastly contends he need not fill in the blanks on his federal income tax return because to do so would violate his Fifth Amendment rights. There is no doubt the taxpayer has the right to assert his privilege but a prior judicial determination of the validity of the claim is not part of that privilege. After assertion of the claim, taxpayer is thereafter subject to investigation by the Internal Revenue Service with respect to his federal tax obligations. See Garner v. United States, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370.
 
 
 6
 Finding these and all other issues raised to be without merit, we affirm the judgment of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Noting, however, that although findings of fact and conclusions of law are not mandatory on decisions on motions for summary judgment, Fed.R.Civ.P. 52 and 56, findings and conclusions can be most helpful to both litigants and the reviewing court. The record in this case is clear enough for us to consider the issues without findings by the trial judge