RICHARD G. AND MARJORIE J. PERSHING, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Pershing v. Commissioner
Docket Nos. 7869-79, 17681-79, 17708-79.
United States Tax Court
T.C. Memo 1981-210; 1981 Tax Ct. Memo LEXIS 532; 41 T.C.M. (CCH) 1382; T.C.M. (RIA) 81210; April 28, 1981. Richard G. Pershing, pro se. Gary A. Benford, for the respondent. DAWSON
*532 MEMORANDUM OPINION DAWSON, Judge: In these cases respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Petitioners
Dkt. No.
Year
Deficiency
Richard G. &
Marjorie J.
Pershing
7869-79
1975
$ 5,171.03
Richard G.
Pershing
17681-79
1976
2,368.12
Marjorie J.
Pershing
17708-79
1976
2,368.12
*533 Addition to Tax § 6651(a) § 6653(a) § 6654 [2]
Richard G. &
Marjorie J.
Pershing
$ 258.55
Richard G.
Pershing
$ 567.03
118.41
$ 83.44
Marjorie J.
Pershing
567.03
118.41
83.44
The adjustments made in the joint notice of deficiency mailed to the petitioners on March 13, 1979, with respect to the year 1975, and the separate notices of deficiencies mailed to them on October 5, 1979, with respect to the year 1976, relate to unreported taxable income; allocation of community income; disallowance of business expenses; disallowance of moving expenses; disallowance of itemized deductions; disallowance of four dependency exemptions; liability for self-employment tax; and liability for additions to tax under sections 6651(a), 6653(a) and 6654. Timely petitions were filed with the Court in all three cases. Petitioners were legal residents of Santa Fe, New Mexico, when they filed their petitions in these cases. Notices setting the cases for trial at Albuquerque, New Mexico, on March 30, 1981, were mailed to petitioners *534 on December 24, 1980, informing them to be present and prepared to try their cases. On March 4, 1981, the Court issued on Order granting respondent's Motion to Compel Production of Documents and to Impose Sanctions filed in each case. Petitioners failed to comply with the Order, as required, on March 20, 1981, and they failed to show cause on March 30, 1981, why sanctions should not be imposed upon them by the Court in accordance with Rule 104(c), Tax Court Rules of Practice and Procedure.
On March 27, 1981, the petitioners filed in each case a "Motion to Dismiss for Want of Jurisdiction," stating as follows: 1. That this Court does have jurisdiction over the parties involved. 2. That this Court has no jurisdiction over questions of law and cannot render the relief sought. a. The issues involved in the above captioned matters are substantive issues of law and not disputes of fact. b. That until the issues of law have been judicially determined, there can be no fact to dispute. 3. That Petitioners have taken the necessary steps to initiate litigation in the United States District Court in an action for refund. 4. That Petitioners decline to make further prosecution *535 for reasons stated above. When the cases were called for trial on March 30, 1981, the petitioners were present and argued in support of their motions to dismiss for lack of jurisdiction. Respondent opposed the motions. For reasons stated in the record the Court denied the petitioners' motions. The contention that this Court lacks jurisdiction of these cases is without merit. Where, as here, a taxpayer receives a notice of income tax deficiencies and files a timely petition with the United States Tax Court, he gives the Court exclusive jurisdiction. Section 6512(a). The mere filing of the petition in the Tax Court is enough to deprive a United States District Court of jurisdiction for years as to which the petition was filed. See United States v. Wolf, 238 F.2d 447 (9th Cir. 1956); Brooks v. Driscoll, 114 F.2d 426 (3d Cir. 1940). It is significant that it is the taxpayer's action in filing a valid petition in the Tax Court, under circumstances which give the Court jurisdiction, and not any action taken by the Court, than bars a subsequent suit. Elbert v. Johnson, 164 F.2d 421, 424 (2d Cir. 1947). As we said in Dorl v. Commissioner, 57 T.C. 720, 722 (1972), *536 affd. 507 F.2d 406 (2d Cir. 1974): It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy. See Main-Hammond Land Trust, 17 T.C. 942, 956 (1951), affd. 200 F.2d 308 (C.A. 6, 1952); United States v. Shepard's Estate196 F. Supp. 281, 284 (N.D. N.Y. 1961), affirmed as modified on other issues 319 F.2d 699 (C.A. 2, 1963); and Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (C.A. 5, 1966), affirming a Memorandum Opinion of this Court. See also Burns, Stix Friedman & Co., Inc. v. Commissioner, 57 T.C. 392 (1971); Bowser, Sr. v. Commissioner, 78-1 USTC par. 9102, 40 AFTR 2d 77-5531 (3d Cir. 1977). The Court of Appeals for the Fourth Circuit said in an unpublished per curiam opinion (609 F.2d 505) dated October 5, 1979, affirming an order and decision of this Court in Bowser, Jr. v. Commissioner, docket No. 5544-75: On appeal Bowser attacks the constitutional authority of the Tax Court to adjudicate his tax liability. *537 The constitutionality of the Tax Court has been explicitly sustained in a number of decisions. See, e.g., Melton v. Kurtz, 575 F.2d 547 (5th Cir. 1978); Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (5th Cir.), cert. denied, 385 U.S. 918 (1966); Martin v. Commissioner, 358 F.2d 63 (7th Cir.), cert. denied, 385 U.S. 920 (1966); Wilmut Gas & Oil Co. v. Fly, 322 F.2d 301 (5th Cir. 1963), cert. denied, 375 U.S. 984 (1964). SeealsoAmos v. Commissioner, 360 F.2d 358 (4th Cir. 1965). Furthermore, in 1969 Congress altered the status of the Tax Court from that of an "independent agency in the Executive Branch of Government" to a "court of record" established under Article I of the Constitution of the United States.The authority of Congress to establish specialized courts or courts of limited jurisdiction outside the authority of Article III of the Constitution has long been recognized. SeeWilliams v. United States, 289 U.S. 553 (1933); Ex parte Bakelite Corp., 279 U.S. 438 (1929). *538 Accordingly, we hold that this Court has jurisdiction over the disposition of these cases. After denying their motions, the Court asked the petitioners if they intended to offer any evidence to show errors in the adjustments made by respondent in the notices of deficiencies. They declined, and thus failed to produce any evidence. Whereupon respondent's counsel orally moved to dismiss the cases for the petitioners' failure to properly prosecute. Petitioners have no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment to the United States Constitution. Swanson v. Commissioner, 65 T.C. 1180 (1976); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977); Gajewski v. Commissioner, 67 T.C. 181 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978); Wilkinson v. Commissioner, 71 T.C. 633 (1979). It is clear that respondent's deficiency determinations were not arbitrary, and they did not violate petitioner's Fifth Amendment rights. See Roberts v. Commissioner, 62 T.C. 834 (1974); *539 Cupp v. Commissioner, supra; BowserSr. v. Commissioner, supra.
The deficiency determinations are presumptively correct, and petitioners have the burden of proving that the deficiencies are erroneous. Welch v. Helvering, 290 U.S. 111 (1933). Petitioners' assertion that placing the burden of proof upon them violates their Fifth Amendment privilege against self-incrimination is without substance. They have not given the Court any reason to believe that a criminal investigation is either presently underway or even a remote possibility. Roberts v. Commissioner, supra.See also Rogers v. United States, 340 U.S. 367 (1951); Figueiredo v. Commissioner, 54 T.C. 1508 (1970), affd. per order (9th Cir. 1973). The sole purpose of these civil cases is to determine the existence, if any, of a Federal income tax liability, and, accordingly, the general rule with respect to burden of proof as to deficiencies in tax cases is appropriate. See Hartman v. Commissioner, 65 T.C. 542 (1975); Cupp v. Commissioner, supra.Similarly, the burden of *540 proof with respect to the additions to tax is on the petitioners. Pritchett v. Commissioner, 63 T.C. 149, 174 (1974); Reaver v. Commissioner, 42 T.C. 72, 84 (1964). Since petitioners declined to present any evidence to support the assignments of errors alleged in their petitioners, we will grant respondent's oral motion to dismiss each case for lack of prosecution. We also sustain respondent's determination on the ground that the petitioners, although offered the opportunity to do so, did not present any evidence on the substantive issues, and therefore they have failed to carry their burden of proof. Orders and Decisions will be entered. Footnotes
1. Cases of the following petitioners are consolidated herewith: Richard G. Pershing, docket No. 17681-79; Marjorie J. Pershing, docket No. 17708-79.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩