Leslie E. KNIGHTEN, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 82–4342.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 26, 1983.

Leslie E. Knighten, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Dept. of Justice, Gary R. Allen, Daniel F. Ross, Kenneth W. Gideon, Chief Cnsl., John H. Menzel, Director, Tax Litigation Div., Washington, D.C., for respondent-appellee.

---

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

In our earlier opinion in this case, we refused to consider Knighten's contention that the Tax Court is unconstitutional, because he did not raise the issue until his reply brief. *Knighten v. Commissioner,* 702 F.2d 59, 60 n. 1 (5th Cir.1983). On petition for rehearing, Knighten points out that questions of subject-matter jurisdiction may be raised at any time, and an unconstitutional court can have no jurisdiction. We therefore consider the issue.

Knighten presents two contentions: (1) that, as a court created under Article I of the Constitution, the Tax Court could not hear any cases that could be heard by Article III courts; and (2) that, even if the Tax Court is constitutional, Knighten's case raised issues beyond its statutorily-limited jurisdiction. Both of these contentions are as frivolous as his earlier ones. The argument that the Tax Court violates Article III has been repeatedly rejected. *E.g., Melton v. Kurtz,* 575 F.2d 547 (5th Cir.1978); *Willis v. Alexander,* 575 F.2d 495 (5th Cir.1978); *Nash Miami Motors, Inc. v. Commissioner,* 358 F.2d 636 (5th Cir.), *cert. denied,* 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142 (1966). The argument that this case raised issues beyond the Tax Court's statutory jurisdiction is totally conclusory, devoid of any reference to a particular issue. We find no basis in the record for this theory of lack of jurisdiction.

In all other respects, including the award of double costs against Knighten, we adhere to our earlier opinion.

The petition for panel rehearing is GRANTED to the extent set forth above and otherwise DENIED. No Judge in regular active service on this Court having requested that the Court . be polled on rehearing en banc, the suggestion for rehearing en banc is also DENIED.