CECIL W. HOLLIMAN, JR., and SHARON L. HOLLIMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holliman v. Commissioner
Docket No. 12916-82
United States Tax Court
T.C. Memo 1983-568; 1983 Tax Ct. Memo LEXIS 219; 46 T.C.M. (CCH) 1388; T.C.M. (RIA) 83568; September 14, 1983. Cecil W. Holliman, Jr., and Sharon L. Holliman, pro se. David W. Johnson, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent *220 determined a deficiency of $4,866 in income taxes due from petitioners and an addition to tax pursuant to section 6653(a) [1] in the amount of $243.30 for the tax year ended December 31, 1978. The only remaining issues in this case are deductions claimed by petitioners in excess of amounts now conceded by respondent. Some of the facts have been stipulated and are found accordingly. At the time they filed their petition herein, petitioners resided in Kerrville, Texas. Prior to the taxable year in issue, petitioners filed joint income tax returns reporting thereon their gross income and income tax liabilities. During the year 1978, they received income of $29,868.05. On their Form 1040 filed for that year, however, although they attached forms showing petitioners' income from wages, petitioners reported no taxable income and claimed no deductions. Attached to the Form 1040 was a purported vow of poverty dated October 22, 1978, by petitioner Cecil W. Holliman, Jr. (petitioner), as a "Minister" of the Basic Bible Church *221 of America, Chapter No. 8219. In the notice of deficiency, respondent determined that petitioners were allowed two personal exemptions and four dependent exemptions and derived the tax owing through use of the tax tables and the rates for married persons filing joint returns. No deductions beyond the zero bracket amount of $3,200 were allowed. In their petition filed herein, petitioners did not claim any itemized deductions but alleged that treating petitioners' wages as taxable income was in error. Petitioners claimed that "all wages were turned over to petitioners' home church." On November 8, 1982, respondent served on petitioners a request for production of documents that sought bank records, wage records, records relating to Help Leasing, Inc., a corporation of which petitioner Cecil W. Holliman was president during 1978, and records relating to Basic Bible Church of America, Chapter No. 8219. Also on November 8, 1982, respondent served on petitioners interrogatories, which included the following: 6. If you allege you are entitled to any deductions, credit or exemption for 1978, identify by name and by amount each deduction and expense you allege you are entitled to *222 deduct for 1978, state all facts you rely on in claiming each item as a deduction. Finally, on November 8, 1982, respondent served on petitioners a request for admissions including an admission that petitioners "are not entitled to any deductions, credits or exemptions in amounts in excess of those allowed by the respondent for 1978." Petitioners did not respond to the request for admissions or the request for production of documents and did not answer the interrogatories. On May 4, 1983, the Court granted respondent's motion to compel production of documents and responses to respondent's interrogatories to petitioners and ordered petitioners to produce the documents requested and to answer the interrogatories on or before May 23, 1983. On May 16, 1983, petitioners filed papers in which they claimed that the Tax Court is unconstitutional; that they were entitled to a jury trial; that they were being deprived of their rights under the Fifth and Seventh Amendments to the Constitution; that they did not receive dollars "BUT ONLY FEDERAL RESERVE NOTES"--and were therefore not required to file tax returns; and that their wages were not taxable income. Those papers contained other *223 frivolous and scurrilous arguments, all of which have been adequately dealt with elsewhere. See Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981); Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983), on rehearing 705 F.2d 777 (5th Cir. 1983); Rowlee v. Commissioner,80 T.C. 1111 (1983). They did not comply with the Court's order of May 4, 1983. Notwithstanding petitioners' failure to comply with the Court's order directing compliance by May 23, 1983, at the call of the calendar on June 6, 1983, petitioners requested and were given another opportunity to produce records for respondent's examination. When the trial commenced on June 7, 1983, respondent conceded that petitioners had documented deductions of $3,322, or $122 more than the $3,200 zero bracket amount allowed in the notice of deficiency. Petitioner testified at trial and referred to various writings that he claimed supported his contention that he owed no tax because of business losses and other deductions. He testified that he paid approximately $1,400 in mortgage interest during 1978; we accept that specific testimony and hold that petitioners are *224 entitled to an additional interest deduction of $1,400. Otherwise petitioner's testimony was general and uncorroborated, the writings he presented were not admissible evidence, and he thus failed to establish that petitioners are entitled to any other deductions not conceded by respondent. For example, petitioners claim $1,040 in charitable contributions purportedly made to the Church of the New Covenant in Channelview, Texas. They provided no canceled checks or contemporaneous receipts corroborating their claims in this regard. They offered at trial a list of amounts purportedly paid to the Church of the New Covenant from May through November 1978, but they were unable to explain when, how, or by whom the list was prepared. It appears that this particular Church of the New Covenant is not an organization exempt under section 501(c)(3). Petitioners thus have not proven either that the payments were made by them or that the payments, if made, would be deductible under section 170(a). Petitioners complain that they are being denied their right to freedom of worship. They may, of course, worship wherever they please; but they are not entitled to tax deductions for contributions *225 unless there is a showing that the organization to which the contributions are made meets certain standards of charity. See section 170(c); section 1.170A-9, Income Tax Regs.; see generally McGahen v. Commissioner,76 T.C. 468 (1981), affd. by an unpublished order     F.2d     (3d Cir., Aug. 25, 1983); Bob Jones University v. United States, 461 U.S.     (May 24, 1983). In addition, at trial petitioner stated "I never dreamed that a body of believers would be questioned." The testimony of petitioner in this case, of course, may be viewed with caution because his testimony that he made contributions to the Church of the New Covenant during the months of May through November 1978 is somewhat inconsistent with his claim that he was a minister of the Basic Bible Church of America and turned all his wages for 1978 over to that church--claims appearing in the Form 1040 filed for 1978 and in the petition filed herein. Although they were neither entitled to nor reasonably could expect further indulgence by the Court or by respondent's counsel, petitioners were given 40 days after trial to provide to respondent further substantiation of their claimed deductions *226 and to submit to the Court a further stipulation or brief. Respondent's counsel agreed that he would meet with petitioners within 30 days and stipulate to any additional deductions that petitioners substantiated to respondent's satisfaction. He agreed to do so at the Court's urging, even though respondent's position was that petitioners were deemed to have admitted under Rule 90(c), Tax Court Rules of Practice and Procedure, that they were not entitled to any deductions. Petitioner stated that he would get his information "together as quickly as possible so if there is any discrepancies in the way I am trying to present it to * * * [respondent's counsel], we won't take up any more of the Court's time. We will have it worked out amongst ourselves before we come back." Disregarding this agreement, however, petitioners failed to provide further information to respondent and filed with the Court a motion to admit evidence, attached to which were various writings. Those materials suffered from the same deficiencies, i.e., hearsay, lack of relevance, and incompleteness, as the materials that petitioners attempted to present at trial. Petitioners thus rejected the assistance that *227 the Court and respondent's counsel had attempted during trial. Petitioners' motion has been denied. Petitioners have not presented any evidence with respect to the addition to tax, and it is difficult to conceive of any way that they could have overcome the presumption that the notice of deficiency is correct in determining that the underpayment of their taxes for 1978 was due to negligence. See section 6653(a); Rule 142(a), Tax Court Rules of Practice and Procedure; Bixby v. Commissioner,58 T.C. 757, 791 (1972). To give effect to concessions by respondent and to the additional interest deduction to which we have found that petitioners are entitled, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩