PER CURIAM:
 

 Joseph E. Simanonok filed suit in the tax court seeking a redetermination of his tax liability. The tax court, rejecting Simanonok’s contentions that he is not an individual subject to tax, that he is not required to file returns, that he had not received income because his paychecks were received in exchange for his costs and disbursements of labor, and that he is a minister and exempt from indirect taxes (among other claims), entered summary judgment in favor of the Internal Revenue Service. The tax court correctly determined that Simanonok’s contentions are completely without merit; we therefore affirm the tax court’s decision as to these issues.
 
 See
 
 Circuit Rule 25.
 

 On appeal, Simanonok raises for the first time the contention that the tax court is unconstitutional under the Supreme Court’s decision in
 
 Northern Pipeline Construction Co. v. Marathon Pipeline Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Although Simanonok raises this issue for the first time on appeal, we may consider it because it affects the jurisdiction of the court.
 
 Knighten v. Commissioner,
 
 705 F.2d 777, 778 (5th Cir.),
 
 cert. denied,
 
 — U.S. -, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983). Nevertheless, we find Simanonok’s argument on this issue also to be without merit. This issue has been presented to this court before and rejected.
 
 See Melton v. Kurtz,
 
 575 F.2d 547 (5th Cir.1978);
 
 Nash Miami Motors, Inc. v. Commissioner,
 
 358 F.2d 636 (5th Cir.1966). Although these cases were, decided before the Supreme Court’s decision in
 
 Northern Pipeline, Northern Pipeline
 
 does not affect the validity of their holdings. The jurisdiction of the tax court is not so far-ranging as to violate Article III.
 
 See Redhouse v. Commissioner,
 
 728 F.2d 1249 at 1253 n. 2 (9th Cir.1984).
 

 AFFIRMED.