798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Don H. LUCAS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 84-1076.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1986.
 
 Before WELLFORD and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The taxpayer appellant, Don H. Lucas, a painting subcontractor, appeals from a decision of the Tax Court (Docket # 22597-82) sustaining the Commissioner's determination of the following income tax deficiencies for the years 1974 through 1976 inclusive, plus the addition of certain statutory penalties:
 
 
 2
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 3
 We have jurisdiction of the appeal under 26 U.S.C. Sec. 7482.
 
 
 4
 The 1974 and 1975 returns contained no information about income, deductions, or purported tax liability except to note that wages and other compensation was "under $740." Lucas, instead of reporting this information, placed asterisks in the places indicated and noted his objections by making reference, among other things, to the Sixteenth Amendment. He attached a lengthy statement stating alleged constitutional objections to federal income taxation. Lucas filed no return at all for 1976.
 
 
 5
 The Commissioner asserted deficiencies in tax due for the years in question, plus penalties, based on unreported income from various companies for whom he performed work as a painting subcontractor. Lucas has asserted no errors in the computations, but rather asserts that the payments made to him were not taxable "income" and that receipts of money for his personal services were not constitutionally taxable.
 
 
 6
 We affirm the decision of the tax court for the reasons briefly stated by Judge Chabot at the hearing of this case. Appellant's arguments before the Tax Court and those made in his brief submitted to this court are frivolous and without merit. See Parker v. Commissioner, 724 F.2d 469 (5th Cir. 1984); United States v. Richards, 723 F.2d 646 (8th Cir. 1983); United States v. Stillhammer, 706 F.2d 1072 (10th Cir. 1983); Dutson v. Commissioner, 51 T.C.M. (P-H) p 82,409 (1982) aff'd without opinion, 714 F.2d 157 (11th Cir.1983). The method of procedure provided the taxpayer in the tax court met the requirements of due process. See Redhouse v. Commissioner, 728 F.2d 1249, 1253 n.2 (9th Cir. 1984); Simanonok v. Commissioner, 731 F.2d 743, 744 (1lth Cir. 1984).
 
 
 7
 Because we find this appeal utterly without basis and the issues raised to have been fully settled, we assess double costs against appellant and remand the case to the tax court for the purpose only of determining an appropriate attorney's fee or penalty to be charged appellant for prosecution of this appeal evidently designed for delay and by way of a tax protest to harass and hinder proper tax collection procedures.
 
 
 8
 The judgment of the TAx Court is AFFIRMED.