T.C. Memo. 2002-66

UNITED STATES TAX COURT

JOSEPH E. SIMANONOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8081-01.                    Filed March 11, 2002.

Joseph E. Simanonok, pro se.

<u>Steven M. Carr</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:    Respondent determined a
deficiency in, and additions to, petitioner's Federal income tax
for the year and in the amounts as shown below:

|      |            | Additions to tax | |
| Year | Deficiency | Sec.[1] 6651(a)(1) | Sec. 6654(a) |
| 1996 | $3,326 | $831.50 | $133.04 |

> [1] Throughout this opinion and unless otherwise
> indicated, all section references are to the
> Internal Revenue Code in effect for the taxable
> year in issue.

After concessions by the parties,[1] the issues are as follows:

(1) Whether petitioner's military retirement pay is includable in gross income. We hold that it is.

(2) Whether petitioner's Social Security benefits are includable in gross income pursuant to section 86. We hold that they are.

(3) Whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file. We hold that he is.

(4) Whether petitioner is liable for an addition to tax under section 6654(a) for failure to pay estimated tax. We hold that he is.

---

[1] Petitioner concedes that he received interest income in the amount of $10 from Capital One Federal Savings Bank (Capital One).

Respondent concedes that the notice of deficiency erroneously treated a deduction for a personal exemption as a positive (i.e., upward) adjustment to petitioner's income. After recomputation to correct this error, the amounts of the deficiency and the additions to tax are as follows:

|      |            | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1996 | $2,561 | $576 | $79 |

(5) Whether petitioner is liable for a penalty under section 6673(a)(1).  We hold that he is.

### FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Bradenton, Florida, at the time that his petition was filed with the Court.

Petitioner retired from the U.S. Air Force as a major in 1969.  Since that time, he has received military retirement pay.

A.  Petitioner's Income in 1996

In 1996, the taxable year in issue, petitioner received military retirement pay in the amount of $22,801.56.[2]  The military paymaster, the Defense Finance and Accounting Service (DFAS), did not withhold any income tax from petitioner's retirement pay.[3]

DFAS reported the $22,801.56 paid to petitioner to the Internal Revenue Service utilizing Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.  DFAS reported both the gross

---

[2] This amount does not include the portion ($10,657.44) of petitioner's retirement pay that was paid to petitioner's former spouse, Germaine B. Simanonok.  Petitioner and Mrs. Simanonok were divorced in 1972.  One facet of their divorce litigation appears in Simanonok v. Simanonok, 787 F.2d 1517 (11th Cir. 1986).

[3] However, pursuant to a notice of levy, DFAS did pay over a portion ($8,435.71) of petitioner's retirement pay to the Internal Revenue Service for various unpaid assessments.

distribution and the taxable amount as $22,801.56. DFAS sent a copy of Form 1099-R to petitioner.

Also in 1996, petitioner received Social Security benefits in the amount of $7,662. The payor, the Social Security Administration (SSA), did not withhold any income tax from petitioner's benefits.

SSA reported the $7,662 paid to petitioner to the Internal Revenue Service utilizing Form SSA-1099, Social Security Benefit Statement. SSA sent a copy of the form to petitioner.

B. Petitioner's Failure To Pay Estimated Tax and To File a Return

Petitioner did not pay any estimated tax for 1996, nor did petitioner file an income tax return for that year. Rather, petitioner submitted a document to respondent in 1997 that respondent was unable to process as a return. At trial, petitioner testified that after respondent returned the document to him: "I may have thrown it in the wastebasket." When asked by the Court whether he had retained a copy of what he had submitted, petitioner replied: "Maybe, maybe not * * * ."

The document that petitioner submitted appears to have been a "protest return" that reported no tax liability.[4] The document was signed under protest and may have been incomplete; it may

_____

[4] Petitioner testified that he claimed 14 exemptions in order to eliminate any tax liability: "the 14 exemptions is merely an empirical number to make my liability zero".

also have served as a platform for petitioner to invoke the Fifth Amendment.[5]

## C.  Examination, Notice of Deficiency, and Petition

Respondent commenced an examination of petitioner's 1996 taxable year no later than January 1998, when respondent prepared a substitute for return for petitioner.  See sec. 6020(b). Ultimately, by notice dated March 28, 2001, respondent determined a deficiency in, and additions to, petitioner's income tax for 1996.

The deficiency in income tax is based on respondent's determination that petitioner's gross income includes: (1) Military retirement pay of $22,801.56 received from DFAS; (2) a portion ($821) of petitioner's Social Security benefits determined pursuant to the formula prescribed by section 86; and (3) interest income of $10 received from Capital One.

The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner's failure to file an income tax return was not due to reasonable cause.  The addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay estimated tax.

Petitioner invoked this Court's jurisdiction by filing a

---

[5] At trial, petitioner testified that "it was signed under protest, and it says, this form is not complete."  Petitioner also testified that "I was preserving my rights by submitting under protest because I didn't want to waive my rights to the Fifth Amendment and kiss them off."

timely petition with the Court disputing respondent's determinations. Rule 13(a), (c);[6] see <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988); see also <u>Simanonok v. Commissioner</u>, 731 F.2d 743, 744 (11th Cir. 1984).

## D.  Petitioner's Position

In his petition and at trial, petitioner contends that his military retirement pay is not subject to Federal income tax.  In this regard, petitioner contends:

> The Internal Revenue Service has no jurisdiction to tax and discipline Simanonok because he is appointed to the United States Armed Forces and is governed and disciplined under Title 10 of the Uniform Code of Military Justice, enacted into a [sic] positive law of the United States in 1956.

Petitioner also contends that his Social Security benefits are not subject to Federal income tax.  In this regard, petitioner contends that the notice of deficiency "constitutes legal process against Social Security benefits in violation of the Social Security Act."

Petitioner also contends that he is not required to file a Federal income tax return.  In this regard, petitioner testified:

> I don't even have to submit it [a tax return], but I know there can be terrible and dire consequences if I didn't.  An so -- so I proceeded -- they didn't have jurisdiction, and essentially, it was a forced confession, and I was being nice and submitting one

---

[6] All Rule references are to the Tax Court Rules of Practice and Procedure.

anyway, even though I didn't have to.

E.  Prior Litigation by Petitioner in This Court

Since 1986, petitioner has commenced at least five other cases in this Court, all of which have been dismissed.

A.  Docket No. 672-86

In docket No. 672-86, the Court dismissed petitioner's case for failure to state a claim upon which relief can be granted. In its order of dismissal and decision, the Court sustained respondent's determination of deficiencies in income taxes and additions to tax for the taxable years 1981 and 1982; also, acting sua sponte, the Court awarded damages to the United States against petitioner in the amount of $5,000 pursuant to section 6673.  In taking this action, the Court stated, in part, as follows:

> The deficiencies were attributable to unreported wages and pension receipts. * * *
>
> In his amended petition * * * petitioner alleged that respondent lacks jurisdiction over him and that wages and pension benefits which he received as a retired military officer are not income and are not subject to income tax.
>
> Petitioner's tax protestor arguments repeatedly have been rejected by this Court and others as inapplicable or without merit.  See, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983).  Clearly, petitioner is an individual subject to Federal income tax, he is required to file Federal income tax returns, his military and other income is subject to Federal taxation and he is subject to the jurisdiction of this court.  See, e.g., Hyslep v. United States, 765 F.2d 1083 (11th Cir. 1985); Howell v. Commissioner, T.C. Memo. 1981-631 (holding that military pensions are

taxable income to recipient).

\*    \*    \*    \*    \*    \*    \*

The record as a whole plainly demonstrates that petitioner well knew that his income was taxable. Petitioner has appeared before this Court raising frivolous and meritless arguments previously.  See Simanonok v. Commissioner, 731 F.2d 743 (11th Cir. 1984), affg. an unpublished order of this Court.[7]  His arguments have been rejected in many decisions by this Court in the recent past.  We conclude that petitioner is maintaining his action in this Court primarily for delay and that his position in these proceedings is frivolous and groundless.  Accordingly, on our motion, we award the United States damages in the amount of $5,000 pursuant to section 6673.  Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984).

The Court of Appeals for the Eleventh Circuit affirmed this Court's order of dismissal and decision.

---

[7] In Simanonok v. Commissioner, 731 F.2d 743, 744 (11th Cir. 1984), the Court of Appeals rejected petitioner's contention that the Tax Court is unconstitutional.  The Court of Appeals also rejected petitioner's contentions (inter alia) that he is not an individual subject to tax, that he is not required to file returns, and that he did not receive income because his paychecks were received in exchange for his costs and disbursements of labor.  See Motes v. United States, 785 F.2d 928 (11th Cir. 1986) (citing Simanonok v. Commissioner, supra, for the proposition that claims such as wages are not income subject to tax are frivolous); Hyslep v. United States, 765 F.2d 1083, 1084 (11th Cir. 1985) (same).
  In Simanonok v. United States, 76 AFTR2d 95-6565 (1st Cir. 1995), the Court of Appeals for the First Circuit imposed double costs on petitioner because his appeal from an order of the District Court was frivolous in part.  As relevant herein, the Court of Appeals stated as follows:

> Simanonok claimed that his military status exempted him from federal income taxation, a claim which he knew was frivolous.  Other courts have told him so, and he has been sanctioned for making it.

Docket No. 41603-86

In docket No. 41603-86, the Court again dismissed petitioner's case for failure to state a claim upon which relief can be granted. In its order of dismissal and decision, the Court sustained respondent's determination of deficiencies in income taxes and additions to tax for the taxable years 1979, 1980, and 1983; also, the Court again awarded damages to the United States against petitioner in the amount of $5,000 pursuant to section 6673.

As in the prior case, the deficiencies were attributable to unreported wages and pension receipts, and petitioner again alleged that respondent lacked jurisdiction over him and that wages and pension benefits received as a retired military officer were not income and were not subject to income tax.

The Court of Appeals for the Eleventh Circuit dismissed petitioner's appeal.

Docket No. 1566-91

In docket No. 1566-91, the Court denied: (1) Petitioner's motion for relief alleging that the Court lacked jurisdiction and that respondent had failed to state a claim; (2) petitioner's motion to waive filing fee; and (3) petitioner's motion for summary dismissal for lack of jurisdiction and respondent's failure to state a claim. Thereafter, because petitioner failed to respond to the Court's order directing the filing of a proper

amended petition and the payment of the filing fee, the Court sua sponte dismissed petitioner's case.

Docket No. 12115-96

In docket No. 12115-96, the Court received a one-page document from petitioner titled "petition and request for time to amend", which was filed as a petition to begin the case. An order was then issued directing petitioner to file an amended petition and pay the filing fee. Petitioner responded by submitting a document labeled "petitioner's motion to dismiss for lack of jurisdiction and respondent's failure to state a claim", which the Court lodged. Thereafter, petitioner having failed to file a proper amended petition and to pay the filing fee, the Court dismissed the case.

Docket No. 17685-96

In docket No. 17685-96, petitioner filed an imperfect petition and did not pay the filing fee. The Court then issued an order directing the filing of a proper amended petition and the payment of the filing fee. Petitioner did not respond to that order. Thereafter, the Court sua sponte dismissed the case.

OPINION[8]

## A. Military Retirement Income

Petitioner contends that the taxation of his military retirement pay is "a fraudulent claim for federal pension benefits" and "that the IRS can't tax the Armed Forces * * * or make adjudications." Essentially, petitioner contends that his military retirement pay is exempt from income tax. We disagree; petitioner's contention is wrong, and it is frivolous.

Section 61(a)(11) expressly defines gross income to include pensions. Petitioner's military retirement pay constitutes a pension within the meaning of that section. See, e.g., Eatinger v. Commissioner, T.C. Memo. 1990-310 ("A military retirement pension, like other pensions, is simply a right to receive a future income stream from the retiree's employer."); Howell v. Commissioner, T.C. Memo. 1981-631 (holding that military pensions are taxable income to the recipients); sec. 1.61-11, Income Tax Regs. ("Pensions and retirement allowances paid either by the Government or by private persons constitute gross income unless excluded by law.").

---

[8] As a preliminary matter, we note that we decide the issues in this case without regard to the burden of proof. In any event, we note that sec. 7491 does not apply to this case because the examination of petitioner's 1996 taxable year commenced no later than January 1998. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, secs. 3001(a), (c)(1), 112 Stat. 726-727.

We hold that petitioner's military retirement pay is includable in petitioner's gross income. Respondent's determination in this regard is sustained.

B. Social Security Benefits

Petitioner contends that Social Security benefits "can't be the subject of a legal process". Essentially, petitioner contends that no portion of his Social Security benefits is subject to Federal income tax. We disagree; petitioner's contention is wrong, and it is frivolous.

Section 86 provides for the taxability of Social Security benefits pursuant to a statutory formula. Thus, if a taxpayer's "modified adjusted gross income" plus one-half of the taxpayer's Social Security benefits exceeds a certain base amount, then a portion of the taxpayer's Social Security benefits is includable in gross income; i.e., such portion is subject to Federal income tax. Sec. 86(a)-(d); see Clark v. Commissioner, T.C. Memo. 1998-280, affd. without published opinion 187 F.3d 641 (8th Cir. 1999); Roberts v. Commissioner, T.C. Memo. 1998-172, affd. without published opinion 182 F.3d 927 (9th Cir. 1999). That 42 U.S.C. sec. 407 (1994) may provide that a taxpayer's Social Security benefits are not subject to levy or other legal process, but see sec. 6334(c), has nothing to do with the taxability of those benefits.

In view of the foregoing, we hold that petitioner's Social Security benefits are includable in petitioner's gross income as

determined by respondent.

## C.  Addition to Tax for Failure To File

Petitioner contends that he is not liable for the addition to tax under section 6651(a)(1) because he is not required to file a Federal income tax return.  We disagree; petitioner's contention is wrong, and it is frivolous.

Section 6651(a)(1) imposes an addition to tax for failure to file an income tax return.  The addition to tax may be avoided if the failure to file is due to reasonable cause and not willful neglect.  "Reasonable cause" contemplates that the taxpayer exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time.  United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a conscious, intentional failure or reckless indifference.  United States v. Boyle, at 245.

As applicable herein, section 6012(a)(1)(A)(i) provides that an individual under 65 years of age (as of the end of the taxable year) must file an income tax return if the individual's gross income is at least $6,550; an individual 65 years or older (as of the end of the taxable year) must file an income tax return if the individual's gross income is at least $7,550.  As previously discussed, petitioner's gross income for 1996 far exceeded the greater of these two standards.

The record demonstrates that petitioner was well aware of his obligation to file an income tax return but chose not to do so in pursuit of what can only be regarded as a protest against the Federal income tax.  In our view, petitioner's failure to file was willful.

In view of the foregoing, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).  Respondent's determination in this regard, modified as to amount, see supra note 1, is sustained.

D.  Addition to Tax for Failure To Pay Estimated Tax

Petitioner contends that he is not liable for the addition to tax under section 6654(a).  We disagree; petitioner's contention is wrong, and it is frivolous in the context of this case.

Section 6654 imposes an addition to tax for failure to pay estimated tax.  As applicable herein, imposition of the addition is mandatory whenever prepayments of tax, either through withholding or the making of estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute.  See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Thus, in the present case, we need not address any issue relating to reasonable cause and lack of willful neglect; extenuating

circumstances are simply irrelevant.[9]  See <u>Estate of Ruben v. Commissioner</u>, 33 T.C. 1071, 1072 (1960); see also <u>Grosshandler v. Commissioner</u>, <u>supra</u> at 21.

Petitioner did not pay any estimated tax, nor was any tax withheld from any of his income.  Under these circumstances, and in the absence of any applicable statutory exception, see sec. 6654(e), we hold that petitioner is liable for the addition to tax under section 6654(a).  Respondent's determination in this regard, modified as to amount, see <u>supra</u> note 1, is sustained.

E.  Section 6673 Penalty

We turn now, on our own motion, to the award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiency in income tax or the additions to tax determined by respondent in

---

[9]  We should not be understood to imply that petitioner had reasonable cause or that there were any extenuating circumstances relating to petitioner's failure to pay estimated tax.  Indeed, the record demonstrates that petitioner did not have reasonable cause and that there were no extenuating circumstances.

the notice of deficiency. See <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986). Rather, the record demonstrates that petitioner regards this case as a vehicle to espouse his own misguided views. Petitioner's position, as set forth in his petition and as enunciated at trial, consists solely of frivolous and meritless claims.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies may have been delayed.

Petitioner has previously been told by this Court, as well as by two Courts of Appeals, that his contentions are completely without merit or frivolous. He has also twice been sanctioned by this Court pursuant to section 6673 in the amount of $5,000.

Accordingly, we exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $5,000.

F.  Conclusion

In order to give effect to our disposition of the disputed issues, the imposition of the penalty under section 6673(a)(1), and the parties' concessions (see <u>supra</u> note 1),

> <u>Decision will be entered for respondent in the amounts of the reduced deficiency, additions to tax, and penalty.</u>